FOX, Acting P. J.
 

 Defendant was charged with a violation of section 6125 of the Business and Professions Code of the State of California, which provides, that “No person shall practice law in this State unless he is an active member of the State Bar. ’ ’ A verdict of guilty was returned by the jury. From the ensuing judgment and order denying his motion for a new trial, defendant appeals.
 

 Viewing the evidence, as we must on an appeal, most favorably to respondent, and disregarding conflicting testimony
 
 (Patten & Davies Lbr. Co.
 
 v.
 
 McConville
 
 (1933), 219 Cal. 161, 164 [25 P.2d 429];
 
 People
 
 v.
 
 Alexander
 
 (1940), 41 Cal.App. 2d 275, 283 [106 P.2d 450, 916]), the transaction here involved may be summarized as follows: A Mr. and Mrs. Tirheimer had borrowed $700 from a Mrs. Hetman to pay off the indebtedness on their real property. On seeing a sign, “Real Estate Office and Notary Public,” they entered the place of business and for the first time met the defendant, a real estate broker, and asked him “to make out a paper to protect Mrs. Hetman for the money.” The loan was to be secured by the property. The Tirheimers were inexperienced in such matters. They gave defendant the terms of the loan but they did not tell him what kind of an instrument they wanted drawn up. In this connection, Mrs. Tirheimer testified as follows: “ Q. Did you at any time tell him you wanted a trust deed ? A. No, we did not. Q. Did you at any time tell him you wanted a mortgage? A. No. Q. What did you tell him? A. We told him we wanted a paper—we didn’t know just exactly what kind but would leave it up to him, what ever he thought was the best.” Defendant said he would make out the papers. On the following Sunday, defendant, with a notary public, came to the Tirheimer home with a trust deed, which the Tirheimers signed before the notary, to whom they paid a dollar. Defendant then telephoned Mrs. Hetman (the lender), whom he had not contacted before, and asked her to
 
 *Supp. 846
 
 pick up the papers that he had prepared for the Tirheimers. Defendant sought to collect from the parties to the transaction $15 for his services. This charge, however, was later reduced to $10. The county recorder would not accept for record the trust deed, which defendant had prepared. He then drew up a mortgage for the parties, to cover the transaction. Defendant was not admitted to practice law and was therefore not “an active member of the State Bar.”
 

 Prom the foregoing testimony, the jury was justified in concluding that defendant undertook to, and did, advise the Tirheimers as to the kind of a legal document they should execute in order to secure the loan. This conclusion is strengthened by the amount of the charge which defendant made. It clearly indicates that he considered he was called upon to do something more than the mere clerical work of typing in certain furnished information in a blank form. Such a fee would be out of all reason for such clerical services.
 

 The question is then, does this constitute practicing law, in violation of section 6125 of the Business and Professions Code? The answer is clearly in the affirmative.
 

 The term “practice law,” or its equivalent, “the practice of the law,” has been repeatedly defined by our reviewing courts. They have uniformly said that “as the term is generally understood, the practice of the law is the doing and performing services in a court of justice in any matter depending therein throughout its various stages and in conformity with the adopted rules of procedure. But in a larger sense it includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured although such matter may or may not be depending in a court.”
 
 (People
 
 v.
 
 Merchants Protective Corp.
 
 (1922), 189 Cal. 531, 535 [209 P. 363];
 
 State Bar
 
 v.
 
 Superior Court
 
 (1929), 207 Cal. 323, 335 [278 P. 432];
 
 Smallberg
 
 v.
 
 State Bar
 
 (1931), 212 Cal. 113, 119 [297 P. 916];
 
 Gray
 
 v.
 
 Justice’s Court
 
 (1937), 18 Cal.App.2d 420 [63 P.2d 1160].) It is apparent that what defendant did comes squarely within this definition.
 

 If defendant had only been called upon to perform and had only undertaken to perform the clerical service of filling in the blanks on a particular form in accordance with information furnished him by the parties, or had merely acted as a scrivener to record the stated agreement of the parties to the transaction, he would not have been guilty of
 

 
 *Supp. 847
 
 practicing law without a license.
 
 (Eley
 
 v.
 
 Miller
 
 (1893), 7 Ind.App. 529, 535 [34 N.E. 836, 837];
 
 Wright
 
 v.
 
 Barlow
 
 (1936), 131 Neb. 294 [268 N.W. 95];
 
 In re Matthews
 
 (1938), 58 Idaho 772 [79 P.2d 535, 537];
 
 Gustafson
 
 v.
 
 V. C. Taylor & Sons
 
 (1941), 138 Ohio St. 392 [35 N.E.2d 435].) But the record.supports the conclusion that he went further—that he determined for the parties the kind of a legal document they should execute in order to effectuate their purpose. This constituted the practice of law.
 
 (Clark
 
 v.
 
 Reardon
 
 (1937), 231 Mo.App. 666 [104 S.W.2d 407];
 
 People
 
 v.
 
 Alfani
 
 (1919), 227 N.Y. 334 [125 N.E. 671];
 
 Grand Rapids Bar Assn,
 
 v.
 
 Denkema
 
 (1938), 290 Mich. 56 [287 N.W. 377, 381].)
 

 Defendant argues that the court erred in refusing to instruct the jury, in effect, that if certain companies employed persons, unlicensed to practice law, to prepare such documents as defendant prepared, and if the law was not made to apply to such employees, then the law did not have uniform operation, and they should find for defendant. His basis for requesting such an instruction was: (1) the evidence touching the practice of the escrow clerks of certain Los Angeles institutions, and (2) the case of
 
 Tick Wo
 
 v.
 
 Hopkins
 
 (1885), 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220]. From these premises, defendant argues that he was denied that equal protection of the law which is guaranteed by the Fourteenth Amendment to the Constitution of the United States, and by article I, section 11, of the Constitution of the State of California.
 

 The simple answer to the first premise is that no sufficient foundation for such a defense was established in the evidence. The effect of the testimony directed to that point was merely to show that escrow clerks fill out forms with information furnished by the parties to the transaction. It does not appear from the record before us that these clerks furnished legal advice.
 

 As to the Yick Wo case, counsel for defendant emphasizes the statement of the court, that (p. 373) “Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution. . . . The discrimination [in that case] is, therefore, illegal, and the public administration which enforces it is a denial of the
 
 *Supp. 848
 
 equal protection of the laws and a violation of the Fourteenth Amendment of the Constitution.” While this principle has since been frequently reiterated (see
 
 Williams
 
 v.
 
 Mississippi
 
 (1898), 170 U.S. 213, 224 [18 S.Ct. 583, 42 L.Ed. 1012];
 
 Ah Sin
 
 v.
 
 Wittman
 
 (1904), 198 U.S. 500, 507 [25 S.Ct. 756, 49 L.Ed. 1142]; and
 
 Mackay T. & C. Co.
 
 v.
 
 Little Bock
 
 (1918), 250 U.S. 94, 100 [39 S.Ct. 428, 63 L.Ed; 863];
 
 Norris
 
 v.
 
 Alabama
 
 (1934), 294 U.S. 587 [55 S.Ct. 579, 79 L.Ed. 1074]), defendant misconstrues and erroneously applies it in this case. As was pointed out in
 
 People
 
 v.
 
 Montgomery
 
 (1941), 47 Cal. App.2d 1,14 [117 P.2d 437], “It should be borne in mind that in the Tick Wo case the equal protection of the law was extended to persons of a particular race to enable them to engage in a lawful business on a basis of equality with all other persons. Appellant now in effect argues from this that equal protection should also be extended to any person to enable him to commit a crime on a basis of equality with all other persons. While all persons accused of crime are to be treated on a basis of equality before the law, it does not follow that they are to be protected in the commission of crime. It would he unconscionable, for instance, to excuse a defendant guilty of murder because others have murdered with impunity. The remedy for unequal enforcement of the law in such instances does not lie in the exoneration of the guilty at the expense of society. . . . Protection of the law will be extended to all persons equally in the pursuit of their lawful occupations, but no person has the right to demand protection of the law in the commission of a crime.” It is, therefore, clear that the court was correct in refusing the requested instruction.
 

 Finally, defendant contends that to “practice law” requires the doing of more than a single act; that it implies a course of conduct. This court has passed upon this precise point adversely to defendant’s contention, in
 
 People
 
 v.
 
 Ring
 
 (1937), 26 Cal.App.2d Supp. 768, 771 [70 P.2d 281]. We see no reason for departing from that decision.
 

 We are not called upon in this ease to pass upon the right of a licensed real estate broker or salesman to make out a deed, mortgage or trust deed as an incident to the completion of a sale or other transaction which he has effected as the representative of one of the parties.
 

 The judgment and order denying motion for a new trial are affirmed.
 

 'Kincaid, J., and Swain, J., concurred.