In re Ronald Neil **TELFORD** and Connie Jean Telford, Donna Marie Davis, Debtors.

David M. **GOUDIE,** Goudie & Associates, Plaintiff,

v.

Pat **MORROW,** Trustee, Defendant.

BAP Nos. EC–82–1151–AsHE, EC–83–1046–AsHE.

Bankruptcy Nos. 282–00398–W–7, 282–00359–W–7.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Nov. 24, 1982.

Decided Jan. 9, 1984.

---

David M. Goudie, Goudie and Associates, plaintiff pro se.

Thomas W. Olson, Jr., Sacramento, Cal., for defendant.

Before ASHLAND, HUGHES and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

The bankruptcy court ordered appellant to turn over to the trustee a portion of the money paid for preparation of their bankruptcy petitions and schedules. We affirm in part and reverse in part.

## BACKGROUND

David M. Goudie, who does business as Goudie & Associates, is a lay person who prepared the bankruptcy petitions, statements of affairs, and schedules for both debtors in these two appeals. The debtors paid $280 and $248.30, respectively, and each paid $60 filing fees. Goudie is not licensed to practice law, and he contends he does not do so.

The trustee moved to have the fees paid reviewed by the bankruptcy court. The bankruptcy court held that Goudie was engaged in the unauthorized practice of law and was not entitled to fees for legal services. The court allowed a secretarial charge of $80 in each case and ordered that the balance be turned over to the trustee of the estate.

Goudie contends that the court did not have jurisdiction to determine the reasonableness of his charges because, not being an attorney, 11 U.S.C. § 329 did not apply to him. He also contends that there is no evidentiary basis to determine that his charges were in fact unreasonable. Only as to the latter contention do we agree.

*Applicability of Bankruptcy Code § 329*

Section 329(a) requires any attorney representing a debtor to file with the court a statement of compensation paid or agreed to be paid for services rendered or to be rendered in connection with the case. Section 329(b) permits the bankruptcy judge to examine the reasonableness of compensation paid and, to the extent found to be

excessive, order the return of such payment.

Goudie points to § 101(3) for the definition:

"Attorney" means attorney, professional law association, corporation, or partnership, authorized under applicable law to practice law;

Appellant argues that § 329 applies only to debtor's transactions with attorneys and that § 101(3) restricts the meaning of attorney as used in § 329 to persons authorized to practice law, which he is not. We disagree with appellant's restrictive reading of § 101(3).

Bankruptcy Code § 101(3) does not include the exclusive definition of attorney. In Black's Law Dictionary, 5th Edition, "attorney" is defined as:

In the most general sense this term denotes an agent or substitute, or one who is appointed and authorized to act in the place or stead of another.

The definition of an attorney in § 101(3) is similar to that of an accountant in § 101(1). The latter definition expanded the definition of accountant as used under the Bankruptcy Act and as found in Rule 901 of the former Rules of Bankruptcy Procedure. There, "accountant" included only an accounting partnership or corporation. The purpose was to expand the definition so that there would be no distinction between a professional partnership, a professional corporation, a professional association, or an individual who practices the profession either as an accountant or as an attorney. The sections do what courts did under the Act, namely they construe accountant and lawyer as encompassing a professional firm as well as an individual. 2 Collier on Bankruptcy ¶¶ 101.01 and 101.03 (15th Ed.) *See also,* 13 Collier on Bankruptcy, ¶ 901.01 at 9–3 as to the definitions in Rule 901 of accountant and attorney.

The term "attorney" is used in various sections of the Bankruptcy Code: 101(3), 101(13), 327(a), 303(i)(2)(B), 327(b), 327(d), 327(e), 328(b), 329(a), 330(a)(1), 331, 363(h), 502(b)(5), 503(b)(4), 504(b)(2), 523(d), 542(e), and 1103. Ordinarily, the term contemplates someone licensed to practice law. Particularly, in § 542(e) [requiring turnover of the debtor's records] and § 502(b)(5) [providing for allowance of claims in a reasonable amount to an attorney or insider] it would be an anomaly if those sections did not reach unlicensed individuals who were performing legal services.

In *Jones v. American Bankruptcy Council,* 1 B.C.D. 870 (D.C., N.D.CA, Zirpoli, D.J., 1974), a lay person who sold "The Layman's Guide to Bankruptcy" asserted that the court was without jurisdiction over a lay person and that only goods, not services, were sold. Section 60(d) of the Bankruptcy Act empowered the bankruptcy court to examine any agreement between the debtor and an attorney at law for services rendered in connection with the petition and permitted cancellation of any excess obligation. The court pointed out from the legislative history of the 1963 amendment to § 60(d) that it is not so much who renders services but what sort of services are rendered that is the subject of inquiry. It is the legal services rendered or to be rendered in contemplation of bankruptcy that the court may examine on its own motion. The court affirmed the approach of the bankruptcy judge as consonant with the purpose of § 60(d), saying that the stimulus that would cause people to seek the services of a lay person is the same fear that caused Congress to amend § 60(d), namely, the fear of high attorney's fees. "... [I]t would be odd that section 60(d) should permit *no review of fees* charged by people like appellant if, in fact, he is providing legal services." *Id.* at 871.

We reach the same conclusion here.

*Award of Fees*

■ The trial court should determine if Goudie was practicing law. If so, he is subject to § 329 even though he is unlicensed. The general principles for allowing fees should apply.

■ If the trial court determines he is not practicing law, then the debtors paid him for the forms and for clerical services. This payment is subject to review under

§ 548 as a potential fraudulent transfer. Assuming the debtor was insolvent on the date of the payment, the payment for services can be avoided to the extent that the debtor received less than a reasonably equivalent value in exchange for the transfer.

 The trial court could take judicial notice of the petition, schedules, and statement of affairs and gauge the amount upon that work. In these cases the transcript shows the trial judge did not do this. Therefore, we reluctantly remand for a determination of the value of the services performed.