**In re Lainne L. McCARTHY, Debtor.**

**Bankruptcy No. 92–01019–H7.**

United States Bankruptcy Court, S.D. California.

Dec. 18, 1992.

Lainne L. McCarthy, pro se.

Robert J. McFarland, El Cajon, CA, for Chris Carson/Able Legal Clinic.

Mary M. Testerman, Office of the U.S. Trustee, San Diego, CA.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is whether the activities of Chris Carson ("Carson") d/b/a Able Legal Clinic

in the bankruptcy case of Lainne L. McCarthy ("debtor"), a *pro se* debtor, constituted the unauthorized practice of law; whether this court should order remittance to the debtor of all fees collected in relation to her case; and whether this court should permanently enjoin Carson from engaging in the unauthorized practice of law.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to § 157(b)(2)(A).

## FACTS

On January 28, 1992, the debtor, acting *pro se,* filed her Chapter 7 bankruptcy petition. On April 1, 1992, creditor ITT Financial Services ("ITT") moved to dismiss the debtor's Chapter 7 case on the grounds that the debtor failed and refused to file her Statement of Intention relative to collateral securing ITT's loan as required by § 521(2)(A) and (B) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 1007(b)(3). The debtor opposed ITT's motion to dismiss by filing a combined declaration and memorandum of points and authorities that pleaded in affirmative defense "11 U.S.C. § 362(a) of the Bankruptcy Code provides for an automatic stay from the Movant's right to enforce its lien against the property described in the security agreement, to wit: household goods as collateral for a personal loan."

At the May 8, 1992 hearing, on ITT's motion to dismiss, the court found that the debtor's schedules listed ITT's debt as unsecured; that the lack of compliance with § 521 had prompted ITT to file its motion to dismiss; and that the security agreement attached to ITT's pleadings indicated that ITT did not hold a purchase money security agreement. The court explained to the debtor that ITT held a non-purchase money security agreement. The court further explained that the debtor could possibly avoid ITT's lien pursuant to 11 U.S.C. § 522(f) because the lien was secured by personal property that was probably exempt. The debtor appearing *pro se* did not understand the court when it indicated that she might be able to avoid the lien.

At the hearing, the court inquired as to whether the debtor had received any assistance in preparing her bankruptcy pleadings. The debtor testified that Able Legal Clinic assisted her in the preparation of her pleadings and specifically named Carson as the individual whom she met with. The debtor indicated that she paid Carson and/or Able Legal Clinic approximately $400.00 or $450.00 for their services, plus the filing fee. The debtor explained that after she found out about the Statement of Intention she asked Carson about it and he said "oh, don't worry about it." After receiving ITT's motion to dismiss, the debtor took it to Carson and at that time he said, "oh, we have to file for that." The debtor also testified that Carson never asked for any documentation regarding her loan with ITT and that she did not know the difference between a secured or unsecured debt.

The court rescheduled ITT's hearing for June 5, 1992, and allowed the debtor until May 15, 1992, to file her Statement of Intention. The debtor filed her Statement of Intention on May 1, 1992. On June 10, 1992, the court *sua sponte* filed an order to show cause ordering Able Legal Clinic to appear before the court to show cause why Carson had not complied with § 329 of the Bankruptcy Code, why the court should not permanently enjoin him from engaging in the unauthorized practice of law, and why the court should not order remittance to the debtor of all fees collected in relation to her bankruptcy case. The United States Trustee joined the court's order.

In response, Carson filed several pleadings including the debtor's declaration. The debtor declared that besides discussing the completion of the bankruptcy forms, Carson provided her with a list of California exemptions which they discussed, before she selected the exemptions she felt were applicable.

Carson acknowledged that he owns and operates a paralegal/secretarial service doing business as Able Legal Clinic and that

he typed the debtor's bankruptcy petition. Carson contends he received the sum of $200.00 for his services and concedes that when the debtor informed him that she was required to file a Statement of Intention, he prepared the form for her signature and at the same time prepared the declaration and memorandum of points and authorities in opposition to ITT's motion to dismiss. Carson also admits that he did not comply with the requirements of 11 U.S.C. § 329.

## DISCUSSION

### A. UNAUTHORIZED PRACTICE OF LAW.

On the one hand, Carson declares that he is only a "public scrivener" in that he merely types the petition, schedules and statement of affairs without rendering any legal opinions. Carson acknowledges that he is not licensed to practice law, and denies doing so. Carson claims that the debtor, as an attorney *pro se*, not his service, took on the ultimate responsibility to make sure that the papers were properly filled out and the proper laws were complied with. In addition, Carson states that failure to advise the debtor that she needed to file a § 521 Statement of Intention is even more proof that he was a typing service and was not engaged in the unauthorized practice of law.

On the other hand, Carson declares that he has attempted to keep current on the laws regarding bankruptcy and acknowledges that he was not current on the requirement regarding the filing of the § 521 Statement of Intention. Carson contends that he was unaware that the § 521 Statement of Intention had to be filed in the case because the debtor had informed him that all her furniture and household items were free and clear of liens. Carson assures the court that there will be no more problems with regard to any of his clients failing to file the § 521 Statement of Intention. Carson points out that he has filed several § 521 Statements on behalf of his debtor/clients in bankruptcies subsequent to this one. Finally, Carson contends that debtors who act completely on their own without any assistance will have more problems in court than those who retain the assistance of a paralegal service.

One court recently commented on the acceptable practices for typing services:

> Providing copies of the Official Forms necessary to filing a petition for bankruptcy relief is a legitimate and necessary service to the public. Similarly, a typing service that consists of *solely* transcribing written information furnished by clients is a service that may be legitimately provided by non-attorneys. *In re Bachmann*, 113 B.R. 769, 774 (Bankr.S.D.Fla.1990). Even the "sale of printed material purporting to explain bankruptcy practice and procedure to the public" is permissible. *Id.*

*In re Herren*, 138 B.R. 989, 994 (Bankr. D.Wyo.1992). However, the pleadings and transcripts of both the May 8, 1992, and the November 17, 1992 hearings, indicate that Carson did more than merely type the bankruptcy forms as claimed.

Moreover, the name of Carson's business, Able Legal Clinic, undoubtedly implies more than typing is being provided to clients. The court takes judicial notice of the fact that Carson advertises his business in the 1992 *Pacific Bell SMART Yellow Pages* under the heading "Legal Clinics" right along with other clinics that offer legal services through licensed attorneys. The court also takes judicial notice of the fact that Able Legal Clinic was not listed under the heading of either "Secretarial Services" or "Word Processing."

As to what constitutes the practice of law, the recognized rule in California is:

> [A]s the term is generally understood, the practice of law ... includes legal advice and counsel and the preparation of legal instruments and contracts by which legal rights are secured although such matter may or may not be pending in a court. [citations omitted].

*In re Glad*, 98 B.R. 976, 977 (9th Cir.BAP 1989); *In re Anderson*, 79 B.R. 482, 484 (Bankr.S.D.Cal.1987) (quoting *People v. Sipper*, 61 Cal.App.2d Supp. 844, 846, 142 P.2d 960 (1943)).

■ Implicit in a bankruptcy filing is that the debtor will be able to get her fresh start by taking advantage of all rights permitted by the Bankruptcy Code. The only fair interpretation of Carson's actions in helping the debtor prepare her forms is that he would assist the debtor in complying with the Code. From the debtor's own testimony it is clear that she lacked any knowledge as to the difference between a secured or an unsecured debt. Yet Carson, who assisted in filling out and preparing the forms, never requested any documentation from the debtor concerning ITT's loan. What Carson fails to realize is that by not asking the right questions or requiring documentation regarding the ITT loan, the debtor could have lost valuable rights allowed by the Bankruptcy Code. Accordingly, the court concludes that Carson's actions in soliciting information and in preparing the debtor's Chapter 7 petition and schedules constitutes the unauthorized practice of law. *In re Anderson,* 79 B.R. 482 (Bankr.S.D.Cal.1987); *O'Connell v. David,* 35 B.R. 141, 143 (Bankr.E.D.Pa. 1983) modified, 35 B.R. 146 (E.D.Pa.1983) *aff'd,* 740 F.2d 958 (3d Cir.1984).

Further, according to the debtor's testimony, she asked Carson about the Statement of Intention and he told her "don't worry about it." The debtor also testified that she took ITT's motion to dismiss to Carson and at that time he said, "oh, we have to file for that." Any advice regarding whether or not to file a Statement of Intention clearly requires the use of legal judgment including legal knowledge, training, skill, and ability beyond that possessed by the average lay person. For example, the § 521 Statement of Intention requires advice regarding reaffirmation, redemption, or rejection and their consequences. *In re Bachmann,* 113 B.R. 769, 773 (Bankr.S.D.Fla.1990). The court concludes, therefore, that Carson's actions in preparing the § 521 Statement of Intention constitute the unauthorized practice of law.

Carson declared that he has attempted to keep current on the laws regarding bankruptcy and acknowledges that he was not current on the requirement regarding the filing of the § 521 Statement of Intention. But if Carson is merely a typing service that may solely transcribe written information furnished by clients, why does Carson need to keep current on bankruptcy law?

Similarly, Carson can hardly be said to have been acting as a mere scrivener when he prepared the debtor's declaration and points and authorities in opposition to ITT's motion to dismiss that pleaded in affirmative defense "11 U.S.C. § 362(a) of the Bankruptcy Code provides for an automatic stay from the Movant's right to enforce its lien against the property described in the security agreement, to wit: household goods as collateral for a personal loan." It is apparent that this language is not the debtor's and that she has no understanding of § 362. Consequently, the court finds that Carson went beyond the mere scriveners duties when the record supports the conclusion that he very likely determined for the debtor the kind of legal documents that she should execute in opposition to ITT's motion as well as their content. *People v. Sipper,* 61 Cal.App.2d Supp. 844, 142 P.2d 960 (1943).

Carson also provided the debtor with a list of California exemptions which he discussed with her for purposes of preparing the Chapter 7 petition. Although Carson states that the debtor chose her exemptions, it appears that by providing the list of exemptions to the debtor and discussing them with her, Carson must have made inquiries and answered questions to enable the debtor to make her choices. In his supplemental points and authorities Carson contends that discussing is not the same as advising. In support, Carson cites to *Webster's New Collegiate Dictionary* which defines "discuss" as "to investigate by reasoning or argument ... to talk about." Carson also cites *Black's Law Dictionary* which describes "advice" as "view, opinion; information; the counsel given by lawyers to their client; an opinion expressed as to wisdom of future conduct." The court, however, sees no need to engage in hair splitting definitions. To investigate by reasoning or argument is precisely what a lawyer does. A lawyer generally investigates the facts and the law in order to

reason to a conclusion. It is also apparent that both "advising" and "discussing" require conferring, talking about, consulting, or investigating. Thus, whether it was advising or discussing, it is obvious to the court that Carson did more than simply hand the debtor a list of exemptions. *In re Webster*, 120 B.R. 111 (Bankr.E.D.Wis. 1990); *In re Bachmann*, 113 B.R. 769, 773 (Bankr.S.D.Fla.1990). Carson's actions in directing the debtor to "refer" to what appears to be a comprehensive list of California exemptions from which the client is to select assets is, by itself, the unauthorized practice of law. *In re Herren*, 138 B.R. 989, 995 (Bankr.D.Wyo.1992).

Lastly, Carson's fees are inconsistent with that of typing services. The United States Trustee presented evidence in declaration form that two local typing services would have charged an average maximum fee of $53.75 for typing the debtor's petition, schedules and statement of affairs which is well below Carson's fees.

Accordingly, the court concludes that Carson engaged in the unauthorized practice of law.

### B. SECTION 329.

■ Section 329(a) requires any attorney representing a debtor to file with the court a statement of compensation paid or agreed to be paid for services rendered or to be rendered in connection with the case. Section 329(b) permits the bankruptcy judge to examine the reasonableness of compensation paid and, to the extent found to be excessive, order the return of such payment. Even though Carson is not authorized to practice law, § 329 applies to non-lawyers who engage in the practice of law before bankruptcy courts. *In re Telford*, 36 B.R. 92 (9th Cir.1984); *In re Glad*, 98 B.R. 976 (9th Cir.BAP 1989); *In re Grimes*, 115 B.R. 639, 649 (Bankr.D.S.D. 1990).

■ Carson admits not complying with § 329, but nevertheless argues the matter is moot because the declaration filed by the debtor indicated that she has refused to accept the return of the payment from Carson. Although the debtor initially refused to accept the return of payment from Carson, she has since changed her mind when at the November 17, 1992 hearing, the court was inclined to have Carson remit the fees to the estate. Thus, the court orders that the fees be remitted to the debtor.

### C. THE APPROPRIATE REMEDY.

■ The final issue to be resolved is the appropriate remedy to be imposed as a result of Carson's unauthorized practice of law and violations of § 329. The United States Trustee seeks a permanent injunction. "In considering the proper remedy to regulate the unauthorized practice of law, courts should consider the policy of protecting the public's interest in effective legal representation and also should recognize the lack of a civil malpractice remedy for persons damaged by a non-lawyer practitioner." *In re Webster*, 120 B.R. 111, 114 (Bankr.E.D.Wis.1990). Carson points out that if the legal community filled the need of lower and middle income debtors by providing a source of legal advice at a reduced rate commensurate with the $200.00 fee charged by the independent paralegal services there would be no reason for non-attorneys to be providing this service. Carson urges the court to balance the hardships and allow those people who don't have money and need help to be able to get it from paralegal clinics like his. However, Carson's explanation that he is obligated to fill this void is no justification for his conduct in this case.

■ The court recognizes that there may be few attorneys available to represent debtors in this fee range and is sympathetic to the needs of indigent debtors. *In re Bachmann*, 113 B.R. 769, 775 (Bankr. S.D.Fla.1990). The court notes that the California legislature has wrestled with the idea of licensing legal technicians for some time. Nonetheless, the education and training, enforcement of regulations, and the scope of practice for legal technicians lies within the purview of the legislature and not this court. Thus, Carson's assurances to the court that there will not be any more problems with regards to filing a

Statement of Intention for his clients is simply not enough to guard against the possibility that the public might be ill-advised or represented in bankruptcy legal matters by unqualified persons in the future. Accordingly, the court concludes that the appropriate remedy in this case is a permanent injunction enjoining Carson from engaging in the type of activities discussed in this opinion in this District. Further, Carson is enjoined from advertising his bankruptcy services under the heading of Legal Clinics in the *Pacific Bell SMART Yellow Pages* commencing with the year 1993 [1] and each successive year thereafter.

1. To the extent notification deadlines to *Pacific Bell* permit.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052. The United States Trustee is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.

## APPENDIX

The Appendix consists of a copy of Able Legal Clinic's yellow page advertisement.

## Legal Aid Serv

See
Arbitrators
Attorneys
Divorce Assistance
Legal Clinics
Mediation Services
Paralegals
Personal Services
Secretarial Service
Senior Citizens' Services &
Organizations
Social Service Organizations

## Legal Clinics

**ABLE LEGAL CLINIC**
• LOW COST • WEEKEND APPTS
• DIVORCE • BANKRUPTCY
• IMMIGRATION • WILLS
• CREDIT REPAIR
• EVICTION • NAME CHANGE
• LEGAL GUARDIANSHIP
3200 Highland Av NatlCty....474 4370
SUITE #316

**ABSOLUTELY PARALEGAL**
DIVORCE
EMERGENCY RESTRAINING ORDERS
CHILD SUPPORT &
VISITATION MODIFICATION
BANKRUPTCY - WILLS
SAME DAY SERVICE - WE COME TO YOU
SE HABLA ESPAÑOL
.................................234 7004
Or..................................440 0747

**ACTION BANKRUPTCY CENTER**

MONEY PROBLEMS
CAN BE SOLVED!

24 HOUR TAPED
MESSAGE EXPLAINS
292-9975

FREE CONSULTATION
.................................292 1491
Assist In Divorce................292 1494

**ASSOCIATED LEGAL CLINIC**
• VERY LOW COSTS
WILLS - DIVORCE - EVICTION
BANKRUPTCY - IMMIGRATION
NAME CHANGE - PATERNITY
RESTRAINING ORDERS
LEGAL GUARDIANSHIP
CONSERVATORSHIP
1231 3d Av ChlaVsta..........585 8061
Attorney Hot Line................563 7777
Attorney Referral Service
14211 Jerome Dr Pwy..........295 1654

**B & B SERVICES**
SPECIALIZING IN
SMALL CLAIMS
ASSISTANCE
ALL YOU HAVE TO DO IS
APPEAR IN COURT
.................................298 1915

To find 'Where to Buy It'
look under the heading that
describes what you want.
There, you'll find someone
who can serve you.

## Legal Clinics (Cont'd)

**BK SERVICES**
FINANCIAL STRESS?
CREDITOR HARASSMENT?
CALL 24 HOURS FOR HELP
In Home Consultations
Available At Your Convenience
PRE-PAYMENT PLANS AVAILABLE
.................................542 0007
Bankruptcy Assistance Clinic
2950 6th Av..................231 9279
Bankruptcy Assistance Corporation
2950 Sixth Av................299 8997

**CALIFORNIA LAW CENTER**
• PERSONAL INJURY
• BANKRUPTCY
• REPAYMENT PLANS
• DIVORCE & FAMILY LAW
• DRUNK DRIVING
• LIVING TRUSTS
• WILLS • PROBATE
FREE INITIAL CONSULTATION
297-7170
3067 5th Av...................297 7170

**CALIFORNIA LEGAL AID SERVICES**
COMPLETE SERVICE
• LOW COST BANKRUPTCY
• LOW COST DIVORCE
• LOW COST CREDIT SERVICES
Evening & Weekend Appointments Available
Free Consultation
Visa & M/C Accepted
.................................741 3781

**CALIFORNIA LEGAL SERVICES**
• DIVORCE • BANKRUPTCY
• NAME CHANGE • ADOPTIONS
• WILLS • IMMIGRATION
• OTHER LEGAL SERVICES
498-0655
Se Habla Español           24 Hrs
240 Woodlawn Av ChlaVsta...498 0655
(Suite 4)
California Paralegal Services.....270 9030
Century Law Offices
La Jolla.......................457 1999
S D Downtown.................233 5738
S D Mission Valley
1660 Hotel Circle North.......291 0934
.................................569 7376
Christian Legal Services-Christian
Legal Clinic..................231 9288
Contractors Legal Aid Association
7746 Herschel Av LaJolla.....551 0464

**DEBT RELIEF LEGAL CLINIC OF SAN**
**DIEGO COUNTY**

✚ **DEBT
RELIEF
LEGAL
CLINIC**

20 YEARS EXPERIENCE
'AS SEEN ON T.V.'
Free Booklets & Consultation
With GEORGE RITNER, attorney
LISTED, "BEST LAWYERS IN AMERICA"
Evening & Same Day Appts.
"FOR INFORMATION CALL"
Debt Relief Legal Clinic Of San Diego
County 411 Broadway.........238 1500
Or............................726 8000
24 Hr Hotline Explains.........238 0400
24 Hr Hotline Explains.........941 6000
Defensores Los................232 3232
E L S Legal Services
5106 Federal Bl...............262 1863
Garner Ralph E 600 B..........238 1200
H I V Hotline 110 S Euclid Av...262 9254

**INDEPENDENT BANKRUPTCY-
DIVORCE SERVICE**
Affordable Paralegal Services
590 G ChlaVsta...............476 7716
Legal Assistance Center
7801 Mission Center Ct........298 1996

**LEGAL GUARDIAN
COMPREHENSIVE
DOCUMENTATION
SERVICES**
See Our Ad Under Attorneys
225 Broadway................233 8900
Meter Beaters Parking Violation Legal
Clinic 655 4th Av.............233 7967
Miller David A Attorney
1520 State...................238 8015
Miller R P
3408 Mission Bl MlsnBch.....488 9635
N L Legal Services
4555 El Cajon Bl..............528 1111

**PARALEGAL CENTERS OF SAN
DIEGO**
Bankruptcy-Trusts & Wills-Divorce
3945 Camino Del Rio South.....280 0666
Paralegal Services Group
3945 Camino Del Rio South.....281 3331

**PRO PERS**
REPRESENT YOURSELF PROPERLY
CHAPTER 7 BANKRUPTCY
NAME CHANGES
DIVORCE
OTHER LEGAL SERVICES
• ASSISTANCE IN PREPARATION, FILING
AND SERVICE OF DOCUMENTS
• IN OFFICE VIEWING OF
INSTRUCTIONAL TAPES
EVENING APPOINTMENTS AVAILABLE
ATTORNEY OWNED AND SUPERVISED
455-1722
5755 Oberlin Dr...............455 1722
Professional Living Preparation Co
5575 Magnatron Bl............277 7909
Public Paralegal Services......440 5924
Reniche Patricia H
Legal Advocacy Services
1855 1st Av..................232 0383

**SAN DIEGO PARALEGAL SERVICES**
DIVORCE
BANKRUPTCY
GET A FRESH START
FAST SERVICE • LOW FEES
SINCE 1981
VISA - MC
6206 Mission Gorge Rd........563 1186
San Diego Paralegal Services
6206 Mission Gorge Rd........563 1186

**SAN DIEGO SMALL CLAIMS
CLINIC**
See Ad Under Attorneys
591 Camino De La Reina.......688 0777

**SHAFFMAN ILER PALKOWITZ & DOFT**
AUTO ACCIDENTS
INJURY CASES
INSURANCE CLAIMS
24 HRS. 231-1841
110 West C...................231 1841
(Suite 1905)
Shapiro Philip A Attorey At Law
225 Broadway................239 1511
Sussman Nancy 2056 1st Av....234 4888
Trahan Ivan 8745 Aero Dr......292 1491
Trost Street Woods & Messina
1202 Kettner Bl...............233 7633

## Legal Forms

Copy-It Open 7 Days
6062 Lake Murray Bl LaMesa...697 6980
Legal Printers Co 121 Broadway...235 4633

Looking for
some rest and
relaxation?
Refer to the
Entertainment
& Leisure
Subject Index™