In re **KNIGHTS GROCERIES, INC., Debtor.**

Bankruptcy No. 95–03094–9P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 3, 1996.

Michael H. Merrill, Cape Coral, FL, for debtor.

Diane L. Jensen, Trustee, Ft. Myers, FL.

### ORDER ON TRUSTEE'S REQUEST FOR EXAMINATION OF TRANSACTIONS WITH DEBTOR'S ATTORNEY AND G. EDWARD GOFF

ALEXANDER L. PASKAY, Chief Judge.

THIS IS Chapter 7 case and the matter under consideration is a Request for Examination of Transactions with Debtor's Attorney and G. Edward Goff, filed by Diane Jensen, the Trustee (Trustee), concerning fees paid by Knights Groceries, Inc., (Debtor). This case resembles *In re Cupboards Inc.,* 190 B.R. 969 (Bkrtcy.M.D.Fla.1996), as

it involves the same cast of characters: Michael Merrill (Merrill), counsel of record for the Debtor; and his apparently ever present, faithful companion and advisor, Edward G. Goff (Goff). It is the contention of the Trustee that as in *Cupboards,* Merrill is the counsel of record for the Debtor; that the fee charged and paid by the Debtor as disclosed on the 2016(b) Statement was $1,000, when in fact the fee agreement was $10,000, and the Debtor paid monthly installments totaling $8,785. According to the Trustee, the fee charged was grossly excessive in light of the value of the services actually rendered by Merrill. Therefore, this Court should order Merrill to disgorge the excess.

The facts as established at the evidentiary hearing are as follows: At the relevant time, the Debtor operated a small neighborhood grocery store. It appears that the Debtor defaulted in its obligation to remit the sales tax due to the State of Florida. When an employee of the State visited the Debtor's President, Eddie Knight (Knight), to discuss the delinquency and the collection of the past due taxes, Knight informed him that the Debtor was not in a position to pay the outstanding amount. The employee of the State suggested that Knight contact Goff, who was supposedly a financial consultant who might be of help. Knight contacted Goff who came to the store. After discussing the financial condition of the Debtor, Goff advised Knight that bankruptcy was the solution. Goff told him that the attorney's fee would be $15,000 up front. Knight told Goff that the Debtor did not have that much money. Goff said he could get an attorney who would do it cheaper, for only $10,000. Knight agreed and on April 3, 1995, he paid Goff $3,000 as a down payment towards the quoted fee of $10,000. Knight understood that the fee would cover the services of Goff and the attorney, Merrill.

The Chapter 11 Petition for relief was filed on April 4, 1995. On April 25, 1995, the case was converted to a Chapter 7 proceeding, and the Trustee was appointed. On April 25, 1995, Merrill filed an application of the Debtor to employ him as counsel. This Court

entered an order authorizing his employment on May 16, 1995.

In addition to the $3,000 given to Goff on April 3, payments totaling $5,785 were made by Knight to Goff in eleven separate cash transactions. These payments took place between the dates of April 10, 1995, and June 5, 1995. According to Knight, Goff was the "go-between point." It was Knight's understanding that the money would be split between Merrill and Goff.

Merrill admits that he requested and received $3,000. He claims that out of that money, he paid $800 for the Debtor's Chapter 11 filing fee. Additionally, he claims to have disbursed $500 to himself from the money, for representing the Debtor in a State court action, and $1,500 to himself for representing the Debtor's President, Eddie Knight, in his individual Chapter 13 case.

The Chapter 13 case filed by Merrill on behalf of Knight was dismissed shortly after it was filed because the IRS had a $44,000 tax lien on the residence of Knight. Thus, any attempt to obtain relief for Knight was doomed from the outset. However, Merrill claimed to have charged $1,500 for this yeoman service.

In the Statement of Compensation, filed pursuant to F.B.R.P. 2016(b), Merrill stated that the total compensation paid by the Debtor was $1,000. In light of Knight's testimony, that is patently untrue. Even if one accepts Merrill's explanation that out of the $3,000 he paid the $800 filing fee, deducted $500 for the legal services rendered to Knight in connection with a State court action, and deducted $1,500 for the legal services rendered to Knight in connection with his Chapter 13 case, the explanation is unacceptable for the following reasons: First, Merrill's math does not add up; Second, all funds were corporate funds of the Debtor which could not be used for non-corporate purposes. Thus, even if one forgives Merrill's failure to truthfully disclose his fee arrangement with the Debtor, the monies paid for non-corporate purposes are improper and should be refunded to the Debtor.

This solves only half of the problem as it does not deal with the additional $5,785 that the Debtor paid to Goff. It is without dispute that all additional monies were paid by Knight to Goff. There is nothing in this record to shed light on the real role of Goff or how much of the monies he received and shared with Merrill. One thing is clear. As far as Knight is concerned, Goff was really the lawyer, not Merrill. Merrill frequently referred questions to Goff and received answers from him. In fact, with the exception of the visit to Merrill's office, all meetings took place in the grocery store. It is true that Merrill denies receiving any part of these additional payments. However, there is ample evidence in this record that Goff was intimately involved in this case and "worked" with Merrill. Goff, who was used as a "runner," was the primary contact between Knight and Merrill. It is without dispute that Knight had no arrangement with Goff. The only fee arrangement was with Merrill who charged $10,000 for "his services." Be as it may, there is no question that Merrill's handling of this Chapter 7 case was totally improper and a violation of every possible rule governing the conduct of an attorney, including the Bankruptcy Code and Rules and the ethical rules which govern attorneys in general and prohibit fee sharing with a non-attorney.

In sum, this Court is satisfied that this record more than justifies the conclusion, that the fee charged by Merrill was grossly excessive and the fee arrangement was not disclosed as required by F.B.R.P. 2016(b). Based on the foregoing, this Court is satisfied that with the exception of the $800 paid for the filing fee, the balance of the funds paid shall be disgorged. Further, it is proper to order Merrill and/or Goff to refund to the Debtor's estate the balance.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Michael Merrill and Edward G. Goff jointly and severally be and the same are hereby ordered to disgorge all fees collected from the Debtor, except for the $800 for the filing fee, and refund the sum of $7985 to the Debtor within fifteen days from the date of entry of this Order. It is further

ORDERED ADJUDGED AND DE-CREED that the Clerk of this Court shall transmit the transcript and any accompanying exhibits of the hearing held on December 7, 1995, with a copy of this Order to the Florida Bar forthwith.

DONE AND ORDERED.