In re CUPBOARDS, INC., Debtor.

**Bankruptcy No. 95–05108–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 3, 1996.

Philip L. Burnett, Ft. Myers, FL, for debtor.

Michael H. Merrill, Cape Coral, FL.

### ORDER ON UNITED STATES TRUSTEE'S MOTION FOR EXAMINATION OF TRANSACTIONS WITH DEBTOR'S ATTORNEY

ALEXANDER L. PASKAY, Chief Judge.

THIS IS the yet to be confirmed Chapter 11 case of Cupboards Inc., (Debtor), and the

matter under consideration is a Motion for Examination of Transactions with the Debtor's Attorney, Michael H. Merrill and G. Edward Goff, filed by the United States Trustee (U.S. Trustee).

At a duly noticed hearing, the evidence presented by the U.S. Trustee reveals the following: The Debtor is in the business of manufacturing and installing countertops, and having experienced some financial problems, sought some assistance to deal with its problems. It appears that a friend of the Debtor's president recommended Mike Merrill (Merrill), a local attorney, to handle the Debtor's problems. Les Gorsuch, the vice-president and secretary of the Debtor, (Gorsuch), met Merrill in his office. The meeting was also attended by G. Edward Goff (Goff) who was introduced as a person working with Merrill "on bankruptcies." Goff participated in ninety percent of all meetings with Gorsuch. After discussing all possible options, Gorsuch concluded that to stay in business the Debtor should seek relief in the Bankruptcy court. Merrill requested a $10,000 retainer, in addition to the $800 filing fee. Not having sufficient funds in the corporate account to pay the full amount requested, Gorsuch gave Merrill a check in the amount of $5,000. It was agreed that the balance would be paid "in some fashion at a later date."

Gorsuch was informed by Goff that the balance would be paid in installments through payments of invoices submitted weekly by Goff to the Debtor. It appears that pursuant to this arrangement, Gorsuch was presented with weekly invoices, in different amounts, ostensibly as genuine invoices of an entity, R.H.R. Jr., Inc. The invoices were tendered as billings for goods sold and delivered by R.H.R. Jr., Inc., to the Debtor. It is without dispute, the Debtor never had any business transactions with R.H.R. Jr., Inc., and did not owe any money to it whatsoever. Pursuant to the arrangement discussed above, the Debtor paid an additional $5650 on the five invoices submitted by Goff. (U.S. Trustee's Exh. 1). The invoices were either hand delivered to the Debtor's office by Goff or Merrill; or Gorsuch went to Merrill's office to pay the invoices. All of the payments on these invoices were made post-Petition, and of course, none of them were authorized by this Court. As noted earlier, all invoices differed in amount. According to the explanation given, this was done to make the invoices look legitimate. In addition, the Debtor installed a countertop for Goff, billed at $559. This amount was credited to the balance owed by the Debtor to Merrill.

The Petition for Relief under Chapter 11 was filed by Merrill on behalf of the Debtor on May 25, 1995. The docket reveals that shortly after the commencement of the case, this Court issued an Order to Show Cause directing the Debtor to explain why the case should not be dismissed for failure to provide a list of creditors and a list of the twenty largest unsecured creditors, as required by F.R.B.P. 1007(a)(1) and (d). The Statements and Schedules were filed 60 days late and on September 14, 1995, this Court entered an Order granting the Motion to Dismiss. In Merrill's 2016(b) Statement, he stated that the total compensation charged and received was $5,000. The Statement, like other required documents, was filed late. The docket fails to disclose any contested matter or adversary proceedings which required legal services. Goff's role and involvement within this Chapter 11 case is vague. Of course, no payment to Goff was ever authorized, if any in fact was made by the Debtor post-Petition.

Both Merrill and Goff were served with the copy of the Motion and the notice of the hearing. Merrill appeared representing himself. Goff did not appear at the hearing. Merrill called Howat, the Debtor's President and other stockholder, as a witness. Howat's testimony neither contradicted nor supported the testimony of Gorsuch. Apparently, Gorsuch was the primary contact on behalf of the Debtor with Merrill and Goff.

Merrill, in his testimony, denied ever picking up any checks from the Debtor and denied that he played any part in the scheme devised to pay the balance of the $10,000 retainer. He described Goff as a financial consultant, used by Merrill as a "runner." Merrill stated that Goff is his employee. Although, he later qualified this statement by stating that Goff is not an employee, he just pays Goff when he performs work for him

such as driving to Tampa to file documents in the Bankruptcy Court. Merrill admitted that he asked for a $10,000 retainer and that he was told that the Debtor did not have it. But, he denied that there was any arrangement made to pay the balance. Merrill admitted that he introduced Goff to the Debtor's principals, who were supposed to help the Debtor with financing. According to Merrill, Goff attended all meetings with the Debtor's principals because he had experience with bankruptcy and he "valued his advice." Basically, these are the relevant facts established at the evidentiary hearing. Upon these facts, the U.S. Trustee contends it is entitled to the relief sought by the Motion.

■ It is an elementary and basic proposition that every attorney for the debtor, whether or not the attorney applies for compensation, is required pursuant to § 329(a) to file a Statement of Compensation paid or agreed to be paid within fifteen days after the commencement of the case. In addition, the attorney is required to disclose whether any compensation received has been shared or any agreement exists to share the compensation received or to be received for services rendered in connection with the case or with any other entity. F.R.B.P. 2016(b). It is equally clear that a debtor-in-possession has no authority to pay any professionals, including payment to the attorney of the debtor, after the commencement of the case without authorization of the court. Rule 2016(b) equally applies to persons who charged for services, whether or not the person is a licensed attorney. *In re Telford,* 11 Bankr.Ct.Dec. 590, 36 Bankr. 92, 10 Collier Bankr.Cas.2d 91 (9th Cir. BAP 1984).

■ This record leaves no doubt that Merrill violated both § 329(a) of the Bankruptcy Code and F.R.B.P. 2016(b). His 2016(b) Statement indicated that the total fee charged to the debtor and received was $5,000. In fact, he charged $10,000 and received $10,650. This Court expressly rejects his denial of receiving the balance of the fee charged. Even if assuming the additional post-petition payments from the Debtor were received by Goff, a proposition which is highly questionable, the transaction was clearly

an undisclosed and unauthorized sharing of a fee. To add icing to the cake, the scheme to collect the balance of the fee charged through submission of fake invoices is the most blatant ethical violation this Court has ever encountered during the past thirty-two years on the bench. It is nothing less than an outright fraud upon the Court.

■ This leaves for consideration the appropriate relief to be granted. Based on this record, this Court is satisfied that nothing less than a total forfeiture of all fees received will suffice. In addition, this Court is satisfied that it is appropriate to transmit the following to the Florida Bar for the purpose of instituting such proceeding which might be appropriate under the circumstances: a copy of this Order; the transcript of the hearing held on December 7, 1995; and the Exhibits.

Accordingly it is

ORDERED ADJUDGED AND DECREED that Michael Merrill and Edward G. Goff jointly and severally be and the same are hereby ordered to disgorge all fees collected from the Debtor, and refund the sum of $10,650 to the Debtor within fifteen days from the date of entry of this Order. It is further

ORDERED ADJUDGED AND DECREED that the Clerk of this Court shall transmit the transcript and the accompanying exhibits of the hearing held on December 7, 1995, with a copy of this Order to the Florida Bar forthwith.

DONE AND ORDERED.