**In re David L. GABRIELSON, Debtor.**

**Bankruptcy No. 96–07012–PHX–SSC.**

United States Bankruptcy Court,
D. Arizona.

Jan. 29, 1998.

Russell A. Brown, Phoenix, AZ, Chapter 13 Trustee.

Richard S. Berry, Tempe, AZ.

Adrianne Kalyna, Phoenix, AZ, United States Trustee.

David L. Gabrielson, Tempe, AZ, Pro se.

## MEMORANDUM DECISION

SARAH SHARER CURLEY, Bankruptcy Judge.

### I. *PRELIMINARY STATEMENT*

On April 14, 1997, this Court issued an Order to Show Cause as to Richard S. Berry ("Berry"). The Order to Show Cause focused on technical violations of 11 U.S.C. § 110, as well as whether Berry had engaged in the unauthorized practice of law. On April 21, 1997, Berry filed a responsive pleading to the Order to Show Cause; and on April 24, 1997, Russell A. Brown, the Chapter 13 Trustee, also filed a responsive pleading. On July 2, 1997, this Court conducted a hearing on the Order to Show Cause, setting forth a procedure to resolve the controversy.[1] Pursuant to the briefing schedule set forth on the record on July 2, the Trustee filed a Motion for Summary Judgment on August 15, 1997. On September 8, 1997, Berry filed a late Response along with a Cross Motion for an Extension of Time to file said Response. On September 8, 1997, the Trustee

---

1. Docket Entry No. 57.

filed a Motion to Strike Berry's Response to the Motion for Summary Judgment, to which Berry filed a Response on September 30, 1997. On September 30, 1997, this Court conducted a hearing on the Trustee's Motion for Summary Judgment and Motion to Strike and Berry's Cross Motion for Extension of Time. The Court set forth its preliminary findings of fact and conclusions of law on the record.[2]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This constitutes this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the *Rules of Bankruptcy Procedure.*

## II. *DISCUSSION*

### A. *The Motion to Strike*

█ Initially, the Court must rule on the Trustee's Motion to Strike the late-filed Response of Berry. Berry has filed what might be construed as a Cross Motion for an Extension of Time.

As previously noted, the Court conducted a hearing on the Order to Show Cause on July 2, 1997. At that time, the Chapter 13 Trustee stated that he would be filing the Motion for Summary Judgment as to the issues in the Order to Show Cause. Also, at that time, the Court set up an overall procedure as to how to dispose of the issues. The Court gave the Trustee a specific date by which to file the Motion for Summary Judgment and advised Berry of a specific date by which to respond. If the Trustee desired the opportunity to reply, the time frame within which he was to do so was provided as well. On July 25, 1997, the parties filed a Stipulation of Facts.[3] The Trustee also timely filed his Motion for Summary Judgment. The parties, therefore, understood the briefing schedule and were proceeding accordingly.

Berry, in his Motion for an Extension of Time, went over the circumstances he be-

lieved warranted an extension to file his Response to the Motion for Summary Judgment, noting that he had been on vacation from August 20 through August 23, 1997. He stated that he had planned that particular vacation "since last year" and that he needed additional time to do the research for his responsive pleading to the Motion for Summary Judgment.

The Trustee correctly points out, in the Motion to Strike, that there are many problems with Berry's position. First, Berry was before the Court on July 2, 1997. If he had any time constraints as a result of his long-planned vacation, he should have advised the Court then. Instead, on July 2, 1997, everyone stated that they were very comfortable with the deadlines for the Motion for Summary Judgment, the response, and the reply, if any. Berry may not now use his vacation as a basis for an extension of time within which to file his response to the Trustee's Motion to Summary Judgment.

The Trustee also points out, in the Motion to Strike, that there is really nothing on file indicating that Berry did have the vacation planned for over a year. There is no affidavit from Berry or any other evidence indicating nonrefundable tickets, et cetera.

In his Response to the Motion to Strike, Berry reiterates that he needs additional time to complete his research, thereby making his request for an extension of time "genuine." Berry urges the Court to deny the Motion to Strike because no prejudice has resulted from the untimeliness of his Response to the Motion for Summary Judgment. The Court concludes that Berry has had ample time to prepare a responsive brief and has failed to show any cause for granting the Cross Motion for Extension of Time. The Court finds that the Trustee's Motion to Strike is well-taken, and shall be granted on this record.[4]

---

**2.** The Court reserved jurisdiction to reduce its oral findings of fact and conclusions of law to a written memorandum decision, which was to be published. This is the resulting Decision.

**3.** Docket Entry No. 59.

**4.** Although the Court has stricken Berry's Response to the Motion for Summary Judgment,

there really are not any genuine issues of fact raised therein. In many places, Berry states that if this Court will just give him the opportunity, he will bring in pictures of the signage at the offices where the documents are prepared to prove that there is nothing in the signage which would indicate that it is a law firm. Also there is a reference in his responsive pleading that he does

### B. *Recusal*

A review of the stipulated facts filed with this Court on July 25, 1997, reflects that certain issues initially raised in Berry's Response to the Order to Show Cause were reserved. The Court should render a decision on these issues before proceeding with the Trustee's Motion for Summary Judgment.

■ One of the issues raised by Berry is whether this Judge should recuse herself from hearing this matter. The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986) (citations omitted). There is no basis on this record for recusal. A disagreement over a judge's ruling on a matter or a concern about an order that has already been entered, such as in the *In re Rivas* decision on which this Court will rely as part of its analysis, is not a basis for a judge to recuse herself. *Taylor v. Regents of the University of California,* 993 F.2d 710, 712 (9th Cir.1993) (citations omitted). A mere disagreement over a judge's ruling is appropriately handled through the appellate process, not through recusal.[5] *Seidel v. Durkin (In re Goodwin)* 194 B.R. 214, 224 (9th Cir. BAP 1996) (citing *Liteky v. United States,*

510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)).

■ The Court also notes that Berry did not submit any affidavit in support of his basis for recusal. This failure is a separate ground on which to deny recusal. 28 U.S.C. § 144; *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 327 (9th Cir.1995); *United States v. Serrano,* 607 F.2d 1145, 1150 (5th Cir.1979) (citations omitted), *reh'g denied,* 612 F.2d 579 (5th Cir.1980), *cert. denied,* 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980), *cert. denied,* 446 U.S. 910, 100 S.Ct. 1838, 64 L.Ed.2d 263 (1980).

### C. *Jurisdiction*

■ This Court has already stated that it has jurisdiction over this matter and that this is a core proceeding. The issues addressed herein are primarily concerned with 11 U.S.C. § 110. In this particular case, in the Motion for Summary Judgment, the Trustee has requested an injunction as to Berry and as to any entity that he directly or indirectly controls, and has requested that this Court enumerate what may be the unauthorized practice of law for purposes of these injunction proceedings. But, again, the request for an injunction is squarely within the parameters of § 110(j)(2) [6] and this Court's jurisdiction. There is no requirement that these issues be certified to the District Court, for instance, as is required under § 110(i)(1).[7]

---

not "hold himself out as one who may practice law," and he feels that somehow if the Court has an evidentiary hearing, that hearing will elicit facts that are important to the Court's analysis. However, the critical issues are what services did Berry actually render in this case and whether those services constitute the practice of law. In this matter, Berry has stipulated to the services he rendered or the actions he took. The Stipulated Facts are set forth in *The Unauthorized Practice of Law Section* of this Decision. The Court must simply interpret the facts.

5. In the transcript from September 30, 1997, this Court also discussed the *In re Martin* case, previously before this Judge, and the attorney involved in that case. This Court need not, for purposes of this published decision, reiterate those findings of fact and conclusions of law. The Court simply notes that pp. 8–11 of the September 30, 1997 transcript contain specific findings as to why recusal is not appropriate although this Judge presided over the *In re Martin* case, and those findings of fact and conclusions of law are

incorporated herein by reference. Essentially, the *Martin* decision did not involve Berry, the issues addressed in that case were subsequently settled, and the order approving the settlement was never appealed.

6. *See infra,* text of this Decision near n.15.

7. 11 U.S.C. § 110(i)(1) provides in pertinent part:

(i)(1) If a bankruptcy case or related proceeding is dismissed because of the failure to file bankruptcy papers, including papers specified in section 521(1) of this title, the negligence or intentional disregard of this title or the Federal Rules of Bankruptcy Procedure by a bankruptcy petition preparer, or if a bankruptcy petition preparer violates this section or commits any fraudulent, unfair, or deceptive act, the bankruptcy court shall certify that fact to the district court, and the district court, on motion of the debtor, the trustee, or a creditor and after a hearing, shall order the bankruptcy petition preparer to pay to the debtor—

The Court also notes that as a part of this Decision, it will be relying on the *In re Rivas* decision, Case No. 93–03155, which is an October 11, 1996 Stipulated Order. In that Stipulated Order, Berry agreed to comply with a number of terms and conditions. That Stipulated Order is an additional predicate for this Court's jurisdiction. In other words, in that Stipulated Order, Berry promised that he would not engage in the "unauthorized practice of law," and Berry consented to this Court retaining jurisdiction over, and rendering decision as to, the issue of the unauthorized practice of law. The Stipulated Order pertained to Berry's actions in the *Rivas* case and as to other cases that he might handle after he executed the Stipulated Order.

As the facts will reflect, it is clear that Berry executed the Stipulated Order, that this Court approved it on October 11, 1996, and that Berry immediately thereafter violated the Stipulated Order.

### D. *Due Process*

Although this issue is raised in the Response to the Order to Show Cause, it appears that this is now a nonissue or moot point. Berry has had ample notice and opportunity to come to hearings, to present his position to the Court, and to file responsive pleadings with the Court. To the extent that Berry had some initial concerns about having a sufficient amount of time to present his position to the Court, the Court notes that it issued the Order to Show Cause on April 14, 1997, Berry filed his Response to the Order to Show Cause on April 21, 1997, the Court held a hearing on July 2, 1997, and this Court conducted oral argument on the Trustee's Motion for Summary Judgment on September 30, 1997. Berry had ample notice and time to present his arguments.

### E. *The Unauthorized Practice of Law*

▇ Berry concedes he is not licensed to practice law in the State of Arizona and is not admitted to practice in the United States District Court for the District of Arizona. Berry also concedes that he has known Mr. Gabrielson for approximately five years; and in Berry's opinion, Mr. Gabrielson apparently is not intellectually capable of drafting the legal pleadings or documents filed in this bankruptcy case. Mr. Gabrielson filed his Chapter 13 petition on July 8, 1996, and there is no dispute that Berry, People's Law—Arizona, and People's Services, Inc., were disclosed on the bankruptcy documents as the preparers.

Berry concedes that at all relevant times herein, he was engaged in the business of document preparation. Berry is an officer, director, and shareholder of People's Services, Inc. People's Services is a corporation which does business, at times, as People's Paralegal. Formerly, and until June 1996, Berry was an officer, director, and shareholder of People's Law—Arizona.

Berry was the individual that actually prepared a number of pleadings, or documents, in this case. Berry prepared the Amended Petition, the Statement of Financial Affairs, the Bankruptcy Schedules, the Chapter 13 Plan and Plan Analysis, the First Amended Plan and Plan Analysis, an Objection to the Trustee's Dismissal Order, a Response to the Trustee's Recommendation, and Objections to the Proofs of Claim of the Arizona Department of Economic Security, the Arizona Department of Revenue, the City of Tempe, and Jennifer Lawrence.

Berry also placed his name on the Master Mailing List so that he could receive pleadings, notices, et cetera, including the Court dates for Mr. Gabrielson. Berry supplied all of the forms necessary, preparing all of the documents as outlined above by the Court. Apparently, Berry delivered all of Mr. Gabrielson's documents to the Bankruptcy Court for filing.

(A) the debtor's actual damages;
(B) the greater of—
(i) $2,000; or
(ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C) reasonable attorneys' fees and costs in moving for damages under this subsection.

It is undisputed that Berry had consultations with Mr. Gabrielson concerning all of those documents prepared. Berry also had input as to the amount of Mr. Gabrielson's living expenses, for instance, that should be claimed on Schedule J, one of the Schedules that was filed with the Court. Berry also consulted with Mr. Gabrielson concerning the Trustee's recommendation and how to respond to it. Berry consulted with Mr. Gabrielson concerning the Objections to the various Proofs of Claim, as outlined above. He consulted with Mr. Gabrielson on how to fill out the Business Operating Statements, which were filed with the Court on a monthly basis; and he consulted with Mr. Gabrielson concerning the section 341 Meeting of Creditors and what had transpired at the confirmation hearing.

Berry corresponded with the Trustee on behalf of Mr. Gabrielson concerning the Arizona Department of Revenue's Objection to Confirmation of Mr. Gabrielson's plan. Berry also corresponded with Paul Weiser, who was an attorney for River Drive Plaza One, concerning Mr. Gabrielson's lease of commercial space and that creditor's proof of claim.

The *Rivas* Stipulated Order was executed by the Court on October 11, 1996; however, Berry negotiated the terms and conditions of that order with the United States Trustee's Office well prior to that date. Moreover, Berry executed the Stipulated Order on September 18, 1996, thereby assenting to its terms as of that date.

The *Rivas* order states, in relevant part:

    d.  Mr. Berry shall not give "legal" advice to any person or entity, continuing, indefinitely, absent Mr. Berry's certification to practice law before the District Court for the District of Arizona.

    e.  The Court reserves jurisdiction over this Stipulated Order to enforce the terms thereof, and may impose sanctions, fines, injunctions, or other remedial measures as deemed appro-

priate by the Court to enforce the same.[8]

The critical question is whether Berry has provided "legal" advice in this case; that is, has Berry engaged in the practice of law, although he is not licensed to practice law in Arizona, and he is not admitted to practice in the Arizona Federal District Court?

    ■  The Court has initially reviewed Arizona law for a determination of this issue. In the decision of *State Bar v. Arizona Land Title & Trust Company*, 90 Ariz. 76, 95, 366 P.2d 1 (1961), the Supreme Court of Arizona stated, "those acts, whether performed in court or in the law office, which lawyers customarily have carried on from day to day through the centuries" constitute the practice of law. It should be emphasized that one need not be in court to be deemed to be practicing law. Therefore, the fact that Berry did not appear in court in this case is really irrelevant.

The *Arizona Land* decision also states that those acts which may constitute the unauthorized practice of law are not necessarily limited to what has been enumerated in the case. Certainly assisting in the preparation of documents or writings which affect, alter, or define legal rights is the practice of law. The Supreme Court stated that the preparation for another of matters for courts, administrative bodies, or judicial or quasi-judicial bodies, regardless of compensation, is the practice of law. *Id.*

For further guidance in this area, the Court may also review rules that have been promulgated by the Arizona Supreme Court. Rule 31(a)(3) of the Arizona Supreme Court states, "no person shall practice law in this state or hold himself out as one who may practice law in this state unless he is an active member of the state bar." There are certain exceptions to this Rule.

However, none of the exceptions are applicable to Berry. Rule 31(a)(4) specifically refers to laypersons that may provide representation in certain limited situations or under certain limited conditions.[9] None of the

---

**8.** *See Rivas* Stipulated Order, Paragraphs 4d. and 4e., pp. 2–3.

**9.** Rule 31(a)(4) provides:

Notwithstanding the provisions of subsection 3 of this section (a):

exceptions refer to counseling or preparing documents in a bankruptcy proceeding.

A. In any proceeding before the Department of Economic Security, including a hearing officer, an Appeal Tribunal or the Appeals Board, an individual party (either claimant or opposing party) may represent himself or be represented by a duly authorized agent who is not charging a fee for the representation; an employer, including a corporate employer, may represent itself through an officer or employee; or a duly authorized agent who is charging a fee may represent any party, providing that an attorney authorized to practice law in the State of Arizona shall be responsible for and supervise such agent.

B. An employee may represent himself or designate a representative, not necessarily an attorney, before any board hearing or any quasi-judicial hearing dealing with personnel matters, providing that no fee may be charged for any services rendered in connection with such hearing by any such designated representative not an attorney admitted to practice.

C. An officer of a corporation who is not an active member of the state bar may represent the corporation before a justice court or police court, provided that: the corporation has specifically authorized such officer to represent it before such courts; such representation is not the officer's primary duty to the corporation, but secondary or incidental to other duties relating to the management or operation of the corporation; and the corporation was an original party to or a first assignee of a conditional sales contract, conveyance, transaction or occurrence which gave rise to the cause of action in such court, and the assignment was not made for a collection purpose.

D. A person who is not an active member of the State Bar may represent a party in small claims procedures in the Arizona Tax Court, as provided in Title 12, Chapter 1, Article 4 of the Arizona Revised Statutes.

E. In any proceeding in matters under Title 23, Chapter 2, Article 10 of the Arizona Revised Statutes, before any administrative law judge of the Industrial Commission of Arizona or review board of the Arizona Division of Occupational Safety and Health or any successor agency, a corporate employer may be represented by an officer or other duly authorized agent of the corporation who is not charging a fee for the representation.

F. An ambulance service may be represented by a corporate officer or employee who has been specifically authorized by the ambulance service to represent it in an administrative hearing or rehearing before the Arizona Department of Health Services as provided in Title 36, Chapter 21.1, Article 2 of the Arizona Revised Statutes.

G. A person who is not an active member of the state bar may represent a corporation in

Section 110(k) of Title 11 of the United States Code also provides a specific predicate small claims procedures, so long as such person is a full-time officer or authorized full-time employee of the corporation who is not charging a fee for the representation.

H. In any administrative appeal proceeding of the Department of Health Services, for behavioral health services, pursuant to A.R.S. § 36–3413 (effective July 1, 1995), a party may represent himself or be represented by a duly authorized agent who is not charging a fee for the representation.

I. An officer or employee of a corporation or unincorporated association who is not an active member of the State Bar may represent the corporation or association before the superior court (including proceedings before the master appointed according to A.R.S. § 45–255) in the general stream adjudication proceedings conducted under Arizona Revised Statutes Title 45, Chapter 1, Article 9, provided that: the corporation or association has specifically authorized such officer or employee to represent it in this adjudication; such representation is not the officer's or employee's primary duty to the corporation but secondary or incidental to other duties related to the management or operation of the corporation or association; and the officer or employee is not receiving separate or additional compensation (other than reimbursement for costs) for such representation. Notwithstanding the foregoing provision, the court may require the substitution of counsel whenever it determines that lay representation is interfering with the orderly progress of the litigation or imposing undue burdens on the other litigants. In addition, the court may assess an appropriate sanction against any party or attorney who has engaged in unreasonable, groundless, abusive or obstructionist conduct.

J. An officer or full-time, permanent employee of a corporation who is not an active member of the state bar may represent the corporation before the Arizona department of environmental quality in an administrative proceeding authorized under Arizona Revised Statutes, Title 49, provided that: the corporation has specifically authorized such officer or employee to represent it in the particular administrative hearing; such representation is not the officer's or employee's primary duty to the corporation but secondary or incidental to other duties related to the management or operation of the corporation; the officer or employee is not receiving separate or additional compensation (other than reimbursement for costs) for such representation; and the corporation has been provided with a timely and appropriate written general warning relating to the potential effects of the proceeding on the corporation's and its owners' legal rights.

17 A.R.S. Sup.Ct. Rules, Rule 31(a)(4).

**826**

for prohibiting the unauthorized practice of law. That subsection states:

> Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.

■ As a result of this provision, a document preparer may not use § 110 as a "safe harbor" if a rule or certain rules prohibit the unauthorized practice of law or the document preparer's activities are otherwise prohibited by law. In Arizona, Supreme Court Rule 31(a)(3) limits who may practice law. The *Rivas* Stipulated Order also proscribes the practice of law by Berry. Given the specific Rule and Order, Berry may not utilize § 110 to state that his activities are authorized, legal, and compensable.

The Court may also analyze the cases from other jurisdictions to obtain some guidance as to what may be the unauthorized practice of law. *See Crosby v. Reed (In re Crosby),* 176 B.R. 189, 193 (9th Cir. BAP 1994) (court has the ability to review the law of other jurisdictions if there is no binding precedent on point).

The Trustee has cited this Court to a number of cases from a number of jurisdictions as to what constitutes the unauthorized practice of law.[10] One court has determined that if an individual determines when a bankruptcy petition is filed, said act is the practice of law.[11] Advising debtors as to which exemptions they may claim on their bankruptcy schedules,[12] counseling the debtors as to how to proceed in the case (e.g., should the debtors respond to a motion to vacate the stay; should the debtors object to a proof of claim?),[13] or actually drafting the pleadings (whether setting forth facts or the law) constitutes the practice of law.[14]

■ In this case, the Court must consider whether Berry gave "legal" advice; that is, whether Berry engaged in the practice of law, which he was not authorized to do. Based upon the foregoing authorities, the Court concludes that Berry has engaged in the practice of law. He determined when the Debtor should file the bankruptcy petition. This act alone is the practice of law. Since the Debtor was also unable to understand and complete any of the forms, Berry counseled the Debtor on how to proceed in the case, with Berry completing the petition, schedules, statement of financial affairs, the plan, the first amended plan, the objection to Trustee's dismissal order, the response to the Trustee's recommendation, the objections to various proofs of claim, correspondence with the Trustee, and correspondence with creditor's counsel. Berry's involvement was so complete, so extensive, that completing the petition, the schedules, the statement of financial affairs, and the other forms was the practice of law. Berry went way beyond being a mere typist; his services were more extensive than filling in the blanks on various official forms.

■ The Court concludes that advising the Debtor regarding the exemptions that he should claim is the practice of law. It is impossible for Berry to counsel the Debtor about such exemptions as to real or personal property without an understanding of the law and advising the Debtor how to proceed based upon that understanding. Such counseling and understanding is the essence of the practice of law, and Berry did not have the authority to practice law in Arizona.

■ Advising debtors about which chapter to file is the practice of law. An individual may not advise a debtor whether to file a Chapter 7 or a Chapter 13, or some other chapter, without a thorough analysis of the

---

10. *See* Trustee's Motion for Summary Judgment at 4.

11. *In re Herren,* 138 B.R. 989, 995 (Bankr.Wyo. 1992).

12. *In re Skobinsky,* 167 B.R. 45, 50 (E.D.Pa. 1994) (citations omitted); *In re Herren,* 138 B.R. at 995; *Michel v. Larson (In re Webster),* 120 B.R. 111, 114 (Bankr.D.Wis.1990).

13. *See Samuels v. American Legal Clinic (In re Samuels),* 176 B.R. 616, 625 (Bankr.M.D.Fla. 1994).

14. *In re Evans,* 153 B.R. 960, 967 (Bankr.E.D.Pa. 1993); *In re McCarthy,* 149 B.R. 162, 166 (Bankr.S.D.Cal.1992); *In re Bachmann,* 113 B.R. 769, 773 (Bankr.S.D.Fla.1990).

legal repercussions of each particular chapter: should the debtor let a trustee liquidate nonexempt property? Is the debtor an individual with regular income to qualify for Chapter 13 relief? What property will be property of the bankruptcy estate? Is the debtor able to repay the creditors through a plan of reorganization that is feasible?

The Trustee also requests that this Court make a determination that reviewing assets and liabilities with a debtor constitutes the practice of law. The Court cannot make such a broad conclusion today. It is possible that a document preparer may only confirm how a property or a creditor is listed to make sure that a typographical or similar error is not being committed. However, if one goes beyond that initial preparation of the forms to counseling the debtor or analyzing which chapter to file, determining whether to list a particular creditor as secured or unsecured, determining how that creditor is going to be treated under the plan of reorganization, or advocating a position on behalf of the debtor to third parties, then it is the practice of law.

■ Moreover, the Court concludes that preparing motions, responses to motions, objections to claims, responding to the Trustee's Recommendation, or preparing any type of pleading, versus the official forms, is the practice of law.

Given the timing of Berry's actions in this case, it is also clear that Berry gave "legal" advice in direct contravention of the *Rivas* Stipulated Order shortly after he executed the Stipulated Order and the Stipulated Order was entered.

It is possible that in other cases, in other situations, where a particular document preparer does not decide when to file the case, does not decide whether the debtor should be in a Chapter 7 or Chapter 13, does not talk to the debtor about which exemptions to claim under federal or applicable state law,

but only takes the official forms and types them based upon the handwritten or printed information from the debtor, the assistance would not be the unauthorized practice of law.[15] Section 110 contemplates that certain documents are going to be prepared without violating federal law.

■ As to injunctions, 11 U.S.C. § 110(j)(2)(A) provides as follows:

In an action . . ., if the court finds that-

(i) a bankruptcy petition preparer has-

(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty;

(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

(III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.

Because Berry violated the *Rivas* Stipulated Order, and provided legal advice which he was not authorized to do, the Court must enter an injunction as the only means to stop the improper activity of Berry. The Court notes that a limited injunction was already entered in the case of *In re Repp,* Case No.

---

**15.** Arizona currently does not have an unauthorized practice of law statute. However, the prior statute provided certain criminal penalties for its violation. Ariz.Rev.Stat. §§ 32–261 to 32–275, *repealed by* Laws 1982, Ch. 202, § 17, Laws 1982, Ch. 292, § 25, and Laws 1982, Ch. 310, § 36 (§ 41–2371), effective Jan. 1, 1985. As noted in this Decision, the Bankruptcy Court may rely on other rules and cases and § 110 of the Bankruptcy Code to prohibit the unauthorized practice of law by document preparers in Arizona. If a document preparer does engage in the practice of law, this Court may utilize the injunction provisions of 11 U.S.C. § 110 to stop said practice.

96–01521–RTB (Order dated May 23, 1997). That injunction provided:

**IT IS HEREBY ORDERED**:

1. Pursuant to 11 U.S.C. § 110(j)(2)(B), Richard S. Berry [hereinafter referred to as "Berry"] is permanently enjoined from acting as a bankruptcy petition preparer in the District of Arizona.

\*   \*   \*   \*   \*   \*

5. Nothing in this order shall prohibit Berry from performing bankruptcy related services as an employee of a "licensed attorney". The term employee shall exclude a leased or contract employee arrangement. A "licensed attorney" shall mean, as it applies to Berry's activities or employment duties as they relate to clients residing, and bankruptcy cases filed, in Arizona, an attorney licensed to practice by the State Bar of Arizona, in good standing, and admitted by the U.S. District Court for the District of Arizona.

*See* Order dated May 23, 1997, *In re Repp,* Case No. 96–01521–PHX–RTB, Docket Entry No. 57.

The Court must now expand the scope of the injunction. Berry is permanently enjoined from acting (directly or indirectly) as a bankruptcy petition preparer in the District of Arizona or in any Federal District in which he may now or subsequently locate, and from engaging (directly or indirectly) in any of the acts constituting the practice of law as outlined in this decision. For instance, Berry is permanently enjoined from:

(1) Determining for any debtor when to file a bankruptcy petition;

(2) Assisting any debtor in completing bankruptcy forms and schedules (this includes even acting as a scrivener, since Berry violated the previous order of this Court);

(3) Performing an analysis of a case for any debtor;

(4) Discussing or advising any debtor as to which exemptions may be claimed;

(5) Advising any debtor under which Bankruptcy Code chapter to file;

(6) Reviewing and analyzing the assets and liabilities of any debtor, such as whether any creditor is secured and the collateral for said debt;

(7) Preparing any pleading, motion, answer, response, objection, or any document or letter that discloses, advises, suggests, or recommends a course of action for any debtor; and

(8) Consulting with, counseling, representing, or communicating on behalf of any debtor vis à vis the Chapter 13 trustee, a creditor, or any interested party in a bankruptcy case.

Berry, regardless of capacity, shall not circumvent or mollify this permanent injunction by advising, consulting, or directing any entity, person, or individual as to how to prepare bankruptcy documents or as to how to engage in the practice of law.

The Trustee shall lodge a proposed form of judgment incorporating the provisions of this Decision and setting forth the terms of the permanent injunction.