**In re Carla Thomas GRAVES, Debtor.**

**Paul Thomas Demos, II, Appellant,**

v.

**Russell Brown, Chapter 13 Trustee; United States Trustee; and Carla Thomas Graves, Appellees.**

**BAP No. AZ–01–1207–KPB.**
**Bankruptcy No. 00–11579–PHX–EWH.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Feb. 22, 2002.

Filed May 30, 2002.

Paul Thomas Demos, II, Phoenix, AZ, appellant pro se.

Russell Brown, Trustee, Phoenix, AZ, appellee pro se.

Before: KLEIN, PERRIS and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

We are asked to harness the proper procedure for exercising the authority under 11 U.S.C. § 110(j) to enjoin a bankruptcy petition preparer from preparing petitions.

Although we AFFIRM the trial court's ruling that an injunction action under § 110(j) is a core proceeding in which there is no right to trial by jury, we REVERSE and REMAND the denial of the post-hearing motion for relief mainly because there was inadequate notice that an injunction would be considered.

### Facts

Paul Demos, a lawyer admitted to practice in the District of Columbia[1] but not Arizona, is a bankruptcy petition preparer

in Arizona, using the name "Doc's Plus" (collectively, "Demos").

Demos was enjoined in 1999 from violating 11 U.S.C. § 110, which proscribes various activities by bankruptcy petition preparers. *Seitter v. Brown & Assocs.*, Adv. No. 96–0194 (Bankr.D.Ariz. Sept. 30, 1999), *appeal dismissed sub nom. Demos v. Seitter*, No. 00–0094–PHX–SMM (D.Ariz. July 3, 2000), *aff'd mem.*, 19 Fed. Appx. 571 (9th Cir.2001) ("Seitter Injunction").

The Seitter Injunction, which was based on § 110(j)(2)(A), enjoined violation of § 110 and added that, if Demos disobeyed, "the parties may file an appropriate proceeding" in a later case seeking a § 110(j)(2)(B) injunction to put him out of the bankruptcy document preparation business.

While Demos's appeal to the Ninth Circuit from the district court's dismissal of his appeal of the Seitter Injunction was still pending, Demos prepared the chapter 13 petition for the debtor, Carla Graves, which was filed October 26, 2000.

The Graves case was involuntarily dismissed for lack of schedules, list of creditors, and a chapter 13 plan. Demos helped Graves file motions to have the case reinstated.

As part of the January 17, 2001, order reinstating the case, the bankruptcy court ordered that Demos, Graves, the case trustee, and the U.S. trustee appear for a status hearing on February 28, 2001, at which Demos was to "be prepared to address compliance with 11 U.S.C. § 110." The order added, "[i]f the Court determines that 11 U.S.C. § 110 has been vio-

---

1. *See In re Paul T. Demos II,* Bd. on Prof. Resp., D.C.Ct.App., Bar Dkt. No. 327–00

(Dec. 21, 2001) (disbarment action).

lated, fines may be imposed." There was no mention of a possible injunction.

Demos received notice of, but did not attend, the February 28 hearing, at which Graves testified that Demos: (1) charged her $676; (2) advised her to choose chapter 13; (3) decided where to file; (4) told her not to pay the chapter 13 trustee until March 2001; and (5) prepared the plan and reinstatement motions and sent copies of the plan to creditors.

The judge asked at the close of the hearing whether the Seitter Injunction had been stayed and, upon receiving a negative answer, ruled that Demos be permanently enjoined from preparing petitions in Arizona and disgorge $276 in excess fees.

Written findings, together with a formal § 110(j)(2)(B) injunction, were entered March 12, 2001.

Demos responded to the March 12 permanent injunction by filing, on March 20, 2001, a "Response To and Objection To 'Judicial Officer's' Action: Motion for Summary Dismissal Request for Injunctive Relief Demand for Trial by Jury."

In this "Response," Demos admits receiving both notices of the February 28 hearing and contends he was denied due process by the absence of notice that a § 110(j)(2)(B) injunction would be considered and by denial of an opportunity for trial.

The court treated Demos's "Response" as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). At the hearing, Demos argued that a § 110(j) injunction action is not a core proceeding, demanded a jury trial, claimed the Seitter Injunction was stayed pending appeal, and concluded: "you ambushed me."

The court denied the motion, explaining in a Memorandum Decision that the Seitter Injunction was not stayed, that Demos had notice of the February 28 hearing, that the matter was a core proceeding, and that there was no right to jury trial.

This appeal ensued.

### Jurisdiction

Bankruptcy jurisdiction was based on 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. §§ 158(a)(1) and (b).

### Issues

1. Whether an injunction action under 11 U.S.C. § 110(j) is a "core proceeding."

2. Whether there is a right to trial by jury in an injunction action under 11 U.S.C. § 110(j).

3. Whether a § 110(j) injunction proceeding may be initiated by a court acting under 11 U.S.C. § 105(a).

4. Whether relief from the injunction should have been granted on due process grounds.

### Standard of Review

■■■ Status as a "core proceeding," right to trial by jury, and the requisite procedure for issuing injunctions are questions of law that we review *de novo*. Whether adequate due process notice was given in any particular instance is a mixed question of law and fact that we likewise review *de novo*. *Murray v. Bammer (In re Bammer)*, 131 F.3d 788, 792 (9th Cir. 1997); *GMAC Mortgage Corp. v. Salisbury (In re Loloee)*, 241 B.R. 655, 659 (9th Cir. BAP 1999).

### Discussion

#### I

■■■ The initial focus is on the portion of § 110(j) that states there may be "a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer." 11 U.S.C. § 110(j)(1).

Demos contends, without citing authority, that a civil action for a § 110(j) injunction is not a "core proceeding" that a bankruptcy judge may "hear and determine" and that, instead, the court was required to prepare a report and recommendation for the district court. 28 U.S.C. § 157.

The statute is silent about whether the "civil action" mandated by § 110(j) is to be a core proceeding. The term "civil action" is ambiguous because it encompasses both "adversary proceeding" and "contested matter." Fed.R.Bankr.P. 9002(1).[2]

The rest of § 110, however, illuminates the core/non-core issue. In § 110(i), Congress precluded the bankruptcy court from imposing the remedies prescribed in that section and, instead, required that pertinent facts be certified to the district court, which court then must hold a hearing and address the § 110(i) remedies. 11 U.S.C. § 110(i). Congress did not prescribe such a procedure for the six subsections of § 110 that authorize fines and, likewise, said nothing about involving the district court in § 110(j) injunctions. 11 U.S.C. §§ 110(b)–(h) & (j).

The specificity of the § 110(i) requirement for the district court to impose that subsection's remedies suggests that the bankruptcy court is authorized to impose all other remedies under § 110, including § 110(b)–(h) fines and § 110(j) injunctions. The decisional law is consistent with this inference.

We have previously rejected a challenge to the jurisdiction of the bankruptcy court to issue a § 110(j) injunction. *Ferm v. United States Trustee (In re Crowe)*, 243

B.R. 43, 48–49 (9th Cir. BAP 2000), *aff'd mem.*, 246 F.3d 673 (9th Cir.2000) ("*Crowe*"); *cf.*, *Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954 (9th Cir.1999), *aff'g* 213 B.R. 364 (D.Nev. 1997), *and* 197 B.R. 109 (Bankr.D.Nev. 1996). While we did not actually say in *Crowe* that a § 110(j) injunction action is a core proceeding, that is what we meant.

Two district courts in the Ninth Circuit have also deemed § 110(j) injunctions to be core proceedings. *Interpreting 11 U.S.C. § 110*, 198 B.R. 604, 609 (C.D.Cal. 1996) (deciding procedural issues in 34 cases) (nothing about § 110(j) "would logically warrant depriving Bankruptcy Courts of the authority to issue that type of an injunction"); *Crowe*, 243 B.R. at 48 (Nev.Dist.Ct.Spec. Order No. 100).

Bankruptcy courts similarly agree that § 110 injunction actions are core proceedings. *E.g.*, *In re Kaitangian*, 218 B.R. 102, 105 (Bankr.S.D.Cal.1998); *In re Gabrielson*, 217 B.R. 819, 822 (Bankr.D.Ariz. 1998).

Thus, we adhere to our position in *Crowe* and hold that a § 110(j) injunction action is a core proceeding to be heard and determined by a bankruptcy judge under 28 U.S.C. § 157(b)(1).

## II

■ Demos contends that he is entitled to trial by jury in an injunction action under 11 U.S.C. § 110(j). We hold otherwise.

There is a Seventh Amendment right to trial by jury in suits at common law where

---

**2.** Rule 9002(1) provides:

The following words and phrases used in the Federal Rules of Civil Procedure made applicable to cases under the Code by these rules have the meanings indicated unless they are inconsistent with the context:

(1) "Action" or "civil action" means an adversary proceeding or, when appropriate, a contested petition, or proceedings to vacate an order for relief or to determine any other contested matter.

Fed.R.Bankr.P. 9002(1).

the amount in controversy exceeds $20.00. U.S. Const. amend. VII.

The phrase "suits at common law" refers to suits in which "legal" rights are ascertained and determined, in contrast to those where "equitable" remedies are administered. It encompasses statutory causes of action that are analogous to common law actions that were ordinarily decided in English law courts in the late 1700's, as opposed to those customarily heard by courts of equity or admiralty. Statutory causes of action that are either "equitable" or "legal" but involve "public rights" are not entitled to jury trial. *E.g., Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–64, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

The Seventh Amendment analysis of § 110(j), which is a statutory cause of action solely for an injunction, is straightforward. It is long-settled that an action solely for an injunction is "equitable" in nature, hence not subject to the Seventh Amendment right to trial by jury. *See United States v. Louisiana*, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950); 8 Jas. Wm. Moore et al., Moore's Federal Practice § 38.31[5][a] (3d ed.2001) ("Moore's Federal Practice"); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 2d § 2308 (2d ed.1995) ("Wright & Miller"). Thus, the Seventh Amendment does not apply to § 110(j) injunctions.

There being no constitutional right to trial by jury in an action for a § 110(j) injunction, the question becomes whether there is a statutory right to jury trial.

Nothing in the text of § 110(j) or in its enacting statute hints that Congress meant to create a statutory jury trial right for these injunctions. Bankruptcy Reform Act of 1994, § 308, Pub.L. 103–394, 108 Stat. 4106, 4135–37 (1994) (enacting 11 U.S.C. § 110).

In sum, there is neither a constitutional nor a statutory right to trial by jury in an action for a § 110(j) injunction.

## III

■ Demos's challenge to the sua sponte nature of the action of the bankruptcy court in imposing the permanent injunction translates to an assertion that a § 110(j) injunction proceeding cannot be launched by a court acting pursuant to § 105(a).

While we agree that an adversary proceeding is ordinarily required, we conclude that § 105(a) does permit a bankruptcy judge to raise the issue, provided that the bankruptcy petition preparer receives essentially the same procedural protections that would be afforded in an adversary proceeding.

## A

This leads us back to the statutory language, which provides for a "civil action to enjoin a bankruptcy petition preparer" either from violating § 110(j) or from acting as a petition preparer. The "civil action" may be brought by a "debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee."[3]

---

3. The statute provides:

(j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor re-

sides may bring *a civil action to enjoin* a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)(A) In an action under paragraph (1), if the court finds that—

(i) a bankruptcy petition preparer has—

As noted, the term "civil action" is ambiguous within the construct of the Federal Rules of Bankruptcy Procedure because it subsumes both bankruptcy "adversary proceedings" and bankruptcy "contested matters." Fed.R.Bankr.P. 9002(1).

The term "injunction," however, is not ambiguous under the rules. An adversary proceeding is required in order to obtain an injunction or other equitable relief, except when a plan provides for the relief. Fed.R.Bankr.P. 7001(7).

It follows that the § 110(j) "civil action" for enjoining a bankruptcy petition preparer is an adversary proceeding.

### B

The question then becomes who can institute the "civil action" for a § 110(j) injunction.

### 1

The portion of § 110(j) that permits the "civil action" to be brought by the debtor or a trustee, creditor, or U.S. trustee constitutes a grant of statutory standing to various entities to act as plaintiff. 11 U.S.C. § 110(j)(1); *In re Godon, Inc.*, 275 B.R. 555, 564 (Bankr.E.D.Cal.2002); Wm. A. Fletcher, *The Structure of Standing*, 98 YALE L.J. 221, 223–24 (1988).

All of these potential plaintiffs are "injured in fact" by the defects in a bankrupt-cy proceeding that ensue when § 110 is violated by a bankruptcy petition preparer. *In re Godon, Inc.*, 275 B.R. at 565; *see UF & CW Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 900 (9th Cir.2000).

Thus, the adversary proceeding may be prosecuted by any party Congress designated when it created the cause of action.

### 2

The fact that Congress gave statutory standing to debtors, creditors, trustees, and U.S. trustees does not, however, preclude the bankruptcy court from raising the § 110(j) injunction issue by way of an order to show cause. *In re Gabrielson*, 217 B.R. at 823.

The bankruptcy court is entitled, sua sponte, to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process" notwithstanding that the Bankruptcy Code calls for the issue to be raised by a party in interest. 11 U.S.C. § 105(a).

We have previously explained that exercise of the § 105(a) power cannot be inconsistent with provisions of the Bankruptcy Code and must be either "neces-

(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty;
(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
(III) engaged in any other fraudulent, unfair, or deceptive conduct; and
(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
(B) If the court finds that a bankruptcy petition preparer has *continually engaged* in conduct described in subclause (I), (II), or (III) of clause (i) *and that an injunction prohibiting such conduct would not be sufficient* to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.
(3) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorney's fees and costs of the action, to be paid by the bankruptcy petition preparer.
11 U.S.C. § 110(j) (emphasis supplied).

sary or appropriate to carry out the provisions of" the Bankruptcy Code. *Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843, 848 (9th Cir. BAP 2002).

When invoking the power recognized at § 105(a) to institute a § 110(j) injunction proceeding, a bankruptcy court is implementing a specific provision of the Bankruptcy Code. The sole procedural deviation at the inception of the proceeding is the fact that the court, rather than a party with statutory standing under § 110(j)(1), is raising the issue.

■ Once initiated, a more general problem of procedure arises. A bankruptcy court acting on its own motion in a matter that ordinarily requires an adversary proceeding must, in deference to principles of due process, assure that the defendant is afforded the procedural protections that inhere in an adversary proceeding because the rules of procedure generally define what process is due. *Cf. In re Gabrielson*, 217 B.R. at 820 (court prescribes procedure following OSC; trustee thereafter participates as plaintiff). We turn to that problem in the next section.

In light of the provision in § 105(a) expressly recognizing the authority of the court to act sua sponte in matters that the Bankruptcy Code provides for being raised by a party in interest, we conclude that the bankruptcy court did not err when it raised the issue of a § 110(j)(2)(B) injunction on its own motion.

On remand, there is every reason to expect that the future of this litigation will be adversary in the traditional sense, as the chapter 13 trustee has taken up the cudgel in this appeal.

IV

■ Having established that an adversary proceeding is normally required but that the bankruptcy court may also exercise the power recognized at § 105(a) to initiate a § 110(j) injunction action, we turn to Demos's contention that what actually happened did not comport with due process. This requires us to corral both the procedure that led to the permanent injunction and the procedure that was applied to Demos's "Response."

A

In context, what happened was that the bankruptcy court permanently enjoined Demos without having heard from him because he did not show up at the February 28 status hearing and did not file any paper in response to the court's notice that it would consider imposing fines for violations of § 110.

This was, in all material respects, a default situation under Federal Rule of Civil Procedure 55, in which the § 110(j) injunction was in the nature of a default judgment. Fed.R.Civ.P. 55, *incorporated by* Fed.R.Bankr.P. 7055 & 9014.

The absence of a formal entry of default does not obviate the need to follow default rules. A matter may be treated as a default without there having been a formal entry of default. 10A WRIGHT & MILLER: CIVIL 3D § 2692.

1

Civil Rule 55 governs defaults in bankruptcy litigation and is applied in the same manner as in general federal civil litigation. Fed.R.Civ.P. 55, *incorporated by* Fed.R.Bankr.P. 7055 & 9014.

Civil Rule 55(c) provides for setting aside defaults and directs that default judgments may be set aside under Civil Rule 60(b).[4] This overlaps with Civil Rule

---

**4.** Civil Rule 55(c) provides:

(c) Setting Aside Default. For good cause

59(e) because a Civil Rule 60(b) motion that is filed within ten days after entry of the judgment may also be treated as a Civil Rule 59(e) motion. Fed.R.Civ.P. 59(e) & 60(b), *incorporated by* Fed. R.Bankr.P. 9023 & 9024.

While Civil Rules 59(e) and 60(b) are distinct, serve different purposes, and have different standards that can yield different results, they overlap sufficiently with respect to various theories to permit such latitude. *Wharf v. Burlington N.R.R. Co.*, 60 F.3d 631, 637 (9th Cir.1995); *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir.1990); *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 157 (9th Cir. BAP 1996); 12 MOORE'S FEDERAL PRACTICE § 59.05[7][b]; 11 WRIGHT & MILLER: CIVIL 2D § 2858.

2

The bankruptcy court treated Demos's "Response To and Objection To 'Judicial Officer's' Action: Motion for Summary Dismissal Request for Injunctive Relief Demand for Trial by Jury," as a motion under Civil Rule 59(e).

In treating the "Response" as a Civil Rule 59(e) motion, the court was endeavoring to place the non-standard paper into the framework of the rules of procedure as part of the court's obligation to construe the rules generously so as to secure just, speedy, and inexpensive resolutions. Fed. R.Civ.P. 1, *restated by* Fed.R.Bankr.P. 1001; *Gschwend v. Markus (In re Markus)*, 268 B.R. 556, 561 (9th Cir. BAP 2001). This is no easy task when, as here, the paper is a jumble of admissions, denials, averments of fact, accusations, and arguments.

In view of the overlap between Civil Rules 59(e) and 60(b) with respect to mo-

tions filed within ten days after a judgment is entered, the court's choice of Civil Rule 59(e) was not error.

The court, however, should also have taken the default dimension into account and have construed the "Response" as a request for relief from default and from default judgment.

B

With respect to the merits of the denial of the Civil Rule 59(e) motion, we see error.

1

First, and foremost, is the problem of the absence of notice that the February 28 hearing might involve a § 110(j) injunction.

Although Demos admits having had notice of a February 28 hearing, the notice merely warned that the parties were to be prepared to address compliance with § 110 and that fines would be considered: "[i]f the Court determines that 11 U.S.C. § 110 has been violated, fines may be imposed."

While this notice may have been adequate to support fining Demos under §§ 110(b)–(h), it was not adequate notice of a potential § 110(j)(2)(B) permanent injunction that would put him out of the bankruptcy document preparation business. Nothing else about the factual context suggested the possibility of an injunction.

Indeed, the Seitter Injunction, albeit not binding on future procedure, had created an expectation that a § 110(j)(2)(B) injunction would be obtained by way of adversary proceeding:

> If Mr. Demos should violate the aforesaid injunction, the parties may file an

---

shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Fed.R.Civ.P. 55(c), *incorporated by* Fed. R.Bankr.P. 7055 & 9014.

appropriate proceeding with the Judge then presiding over the case in which the alleged violation of the injunction has occurred to request a permanent injunction prohibiting Demos from being a document preparer or engaging in the document preparation business, or to request other appropriate relief.

Seitter Injunction, at p. 5.

In order to pass muster as constitutional due process notice, the notice was required to, and did not, apprise Demos of, and permit Demos adequate preparation for, a hearing on a permanent injunction. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14, 98 S.Ct. 1554, 56 L.Ed.2d 30 (1978).

■ A judgment rendered "in a manner inconsistent with due process of law" is a void judgment within the meaning of Civil Rule 60(b)(4). *Owens–Corning Fiberglas Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale, Inc.)*, 759 F.2d 1440, 1448 (9th Cir.1985); *In re Loloee*, 241 B.R. at 660–61; 11 WRIGHT & MILLER: CIVIL 2D § 2862; 12 MOORE'S FEDERAL PRACTICE 3d § 60.44[4].

■ It bears emphasis that deeming a judgment to be void for defective notice requires establishing a constitutional, not merely a statutory, violation. *In re Ctr. Wholesale, Inc.*, 759 F.2d at 1448. Where, as here, there is zero reference to the possibility of the injunction that is the most drastic remedy available under § 110, a constitutional violation naturally follows. If there had been a hint of an injunction, then we would need to consider the factual context, including timeliness and specificity in light of Bankruptcy Code and rules provisions, in order to determine whether there is a constitutional violation. *Id.*

■ Unlike other Civil Rule 60(b) motions, a court has no discretion over wheth-

er to vacate a void judgment under Civil Rule 60(b)(4). *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir.1980) (as record demonstrated judgment "void, the District Court had a nondiscretionary duty to grant relief from the default judgment"); 11 WRIGHT & MILLER: CIVIL 2D § 2862; 12 MOORE'S FEDERAL PRACTICE § 60.44[5][a].

■ The result is the same under Civil Rule 59(e). Grounds to grant a Civil Rule 59(e) relief are: (1) manifest error of law; (2) manifest error of fact; or (3) newly discovered evidence. *Ankeny v. Meyer (In re Ankeny)*, 184 B.R. 64, 73 (9th Cir. BAP 1995). To enter a void judgment is a manifest error of law under Civil Rule 59(e).

Since there was no notice that a § 110(j)(2)(B) permanent injunction might result from the February 28 hearing, the ensuing injunction is a void judgment that, as a matter of law, the court had a nondiscretionary duty to vacate under Civil Rules 59(e) and 60(b)(4). Hence, it was error to deny the motion.

### 2

The motion for relief should also have been granted because the § 110(j)(2)(B) permanent injunction was both procedurally and substantively incorrect.

### a

■ A key procedural limitation in default matters is that a judgment by default "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Fed.R.Civ.P. 54(c), *incorporated by* Fed.R.Bankr.P. 7054(a).

This limitation applies regardless of the procedural status of the party entitled to judgment. Fed.R.Civ.P. 55(d), *incorporated by* Fed.R.Bankr.P. 7055 & 9014.

■ When the question of a § 110(j)(2)(B) permanent injunction is raised by the bankruptcy court on its own motion under § 105, the possible relief announced in the paper that serves the function of an order to show cause constitutes the "demand for judgment" within the meaning of Civil Rule 54(c).

Here, the court's order setting the February 28 status hearing is the pertinent paper. The announcement of possible fines for violations of § 110 is the functional equivalent of a "demand for judgment" for purposes of Civil Rule 54(c). The ensuing injunction that was entered on a default basis is "different in kind" from a fine.

If follows that the default judgment imposing the permanent injunction was not authorized by Civil Rule 54(c) and should have been set aside as a mistake on the authority of Civil Rule 60(b)(1).

b

The § 110(j)(2)(B) permanent injunction is also substantively incorrect.

The terms of § 110(j)(2)(B) require that the court make specific determinations before enjoining someone from acting as a bankruptcy petition preparer. 11 U.S.C. § 110(j)(2)(B).[5]

As relevant here, two determinations are necessary. First, the court must determine that the bankruptcy petition preparer has "continually engaged" in conduct described in § 110(j)(2)(A). Second, it must determine "that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of" title 11.

The bankruptcy court did not make these specific determinations. Hence, the substantive predicate for the injunction was not established.

C

Finally, there is the question whether the entry of default should have been vacated under Civil Rule 55(c).

Although the rules contemplate a formal Civil Rule 55(c) motion, courts generally show "considerable leniency in treating other procedural steps as equivalent to a motion, particularly when the conduct evidences a desire to correct the default." 10A WRIGHT & MILLER: CIVIL 3D § 2692, at n. 12 (citing cases). Nor is it essential for Civil Rule 55(c) relief that default have formally been entered. *Id.* at n. 11.

Here, a request to vacate default was implicit in the portion of Demos's "Response" in which he demanded trial by jury because it subsumed an assertion that he wanted to litigate the injunction question on the merits.

Civil Rule 55(c) authorizes a court to set aside an entry of default for "good cause shown." Fed.R.Civ.P. 55(c), *incorporated by* Fed.R.Bankr.P. 7055 & 9014.

■ Ordinarily, a trial court has "especially broad" discretion over whether there is "good cause" to vacate entry of default (as opposed to default judgment) and will not be reversed unless the trial court is " 'clearly wrong' in its determination of good cause." *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir.1994); 10A WRIGHT & MILLER: CIVIL 3D §§ 2692 & 2696.

---

**5.** The section provides:

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.
11 U.S.C. § 110(j)(2)(B).

The existence, however, of a constitutional due process notice violation that automatically renders void a default judgment imposing an injunction correlatively constitutes "good cause" under Civil Rule 55(c).

The "good cause" analysis would be different if the court were merely proceeding to impose the fines that were mentioned in the two notices of the February 28 hearing that Demos admits having received. In that event, if Demos were to attempt to establish "good cause" that has not heretofore been shown, the court would have latitude on remand to exercise Civil Rule 55(c) discretion and either vacate or decline to vacate the default. But, so long as the remedy is an injunction that constitutes a void judgment, the court has little alternative but to grant Civil Rule 55(c) relief from entry of default.

### Conclusion

We hold that: (1) a § 110(j) injunction action is a "core proceeding;" (2) while an adversary proceeding is ordinarily required, the court may raise the § 110(j) injunction issue on its own motion; (3) there is no jury trial right for § 110(j) injunctions; (4) the injunction must be vacated as a void judgment that cannot be pursued further on the basis of the existing default; and (5) the existing default need not be vacated if the court, on remand, limits the remedy to imposition of a fine.

Accordingly, the order denying relief under Civil Rule 59(e) is AFFIRMED IN PART and REVERSED IN PART. The § 110(j)(2)(B) injunction is VACATED and REMANDED for further proceedings consistent with this opinion.